UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                              :
UNITED STATES OF AMERICA      :        **INDICTMENT**
                              :
        - v. -                :
                              :        21 Cr.
ANDREW FRANZONE,              :
                              :        21 CRIM 446
        Defendant.           :
                              :
- - - - - - - - - - - - - - - X

## COUNT ONE
### (Securities Fraud)

The Grand Jury charges:

Overview of the Scheme to Defraud

1.   At all times relevant to this Indictment, ANDREW
FRANZONE, the defendant, perpetrated a scheme to fraudulently
induce investors to invest in an investment fund by means of
misrepresentations and omissions, and continued those
misrepresentations and omissions throughout the life of the fund,
in connection with his role as founder and General Partner of an
investment firm called FF Fund I, LP.

2.   In or about 2010, ANDREW FRANZONE, the defendant, and a
partner ("Individual-1") formed Farrell Franzone Investments LLC,
which FRANZONE described as an opportunity for investors to invest,
through the purchase of limited partnership ("LP") interests, in
a hedge fund purporting to trade preferred securities and options
and to maintain a highly liquid portfolio for its investors. When

Individual-1 left Farrell Franzone in 2014, FRANZONE renamed the fund FF Fund I ("FF Fund").

3.    Between in or about late 2014 and FF Fund's bankruptcy in or about September 2019, ANDREW FRANZONE, the defendant, served as FF Fund's General Partner responsible for managing FF Fund's investments, which he touted to prospective investors as a "multi-strategy investment program … focus[ed] on three unique asset classes: the preferred stock market, the option market, and the private investment portfolio."   When discussing FF Fund with investors, FRANZONE represented that FF Fund was focused on trading in the preferred securities and options markets, and that FF Fund had a track record of consistent positive trading returns since its inception in August 2010.

4.    Throughout the life of FF Fund, ANDREW FRANZONE, the defendant, also continued to maintain, among other things, that FF Fund was highly liquid, that the trading strategy continued to focus on preferred securities and options, and that private investments accounted for no more than 20% of FF Fund's investments.    FRANZONE further maintained that FF Fund's proprietary trading strategy was achieving consistent, positive returns, as reflected in monthly performance reports FRANZONE sent to investors.

5.    By in or about late 2018, ANDREW FRANZONE, the defendant, represented to investors and prospective investors in FF Fund that

FF Fund had reached $70 million in assets under management.

6.   In truth and in fact, these representations by ANDREW FRANZONE, the defendant, were largely false.   Contrary to his claims that FF Fund was engaged primarily in preferred securities and options trading that ensured the FF Fund's liquidity, and that investors could redeem their LP interests on a quarterly basis, by in or about 2018 FRANZONE had in fact diverted more than 80% of FF Fund's assets to high-risk, illiquid private investments, many of which were either worthless or significantly impaired, and had misappropriated fund assets to fund his own personal business interests.   Furthermore, FRANZONE's representation that FF Fund had $70 million in assets under management by in or about late 2018 was false, as FF Fund in fact never had more than $40 million in assets under management.   Finally, FRANZONE's representations to investors about the positive performance of FF Fund, including the monthly performance reports provided to investors, were largely fabricated.

7.   Through these and other fraudulent misrepresentations and omissions, described further below, FRANZONE induced over 100 investors to invest more than $40 million in FF Fund.   Despite showing investors positive trading returns as late as in or about early 2019, FF Fund could not satisfy redemption requests as of at least September 2019, and is currently in the process of being liquidated.

## Statutory Allegations

8.   From at least in or about 2014, up to and including in or about September 2019, in the Southern District of New York and elsewhere, ANDREW FRANZONE, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce and of the mails, and of the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, FRANZONE fraudulently induced victims to purchase limited partnership interests into his investment fund by means of misrepresentations and omissions, and continued that pattern of fraudulent misrepresentations and omissions throughout the life of the fund.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

9.    The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth herein.

10.   From at least in or about 2014, up to and including in or about September 2019, in the Southern District of New York and elsewhere, ANDREW FRANZONE, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, FRANZONE, using electronic transfers of funds, email communications, interstate telephone calls, and other wire communications, fraudulently induced his victims to purchase, including via interstate wires through the Southern District of New York, limited partnership interests in an investment fund by means of misrepresentations and omissions, and continued that

pattern of fraudulent misrepresentations and omissions throughout the life of the fund.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATIONS

11.   As a result of committing the offenses alleged in Counts One and Two of this Indictment, ANDREW FRANZONE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

12.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United

6

States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

> (Title 18, United States Code, Section 981;
> Title 21, United States Code, Section 853;
> Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ANDREW FRANZONE,

Defendant.

## INDICTMENT

21 Cr.

(15 U.S.C. §§ 78j(b) & 78ff;
17 C.F.R. § 240.10b-5; 18 U.S.C. §§ 1343
and 2.)

AUDREY STRAUSS
United States Attorney

Foreperson

7/8/21  Filed Indictment  Ass'n to J. Broderick

Cott, USMJ