UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                         :

UNITED STATES OF AMERICA,        :

              v.                    :                  21-CR-446 (VSB)

ANDREW FRANZONE           :                  **ORDER**

                        Defendant.  :

                                           :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        As the parties are aware oral argument related to Defendant's motion to suppress is

scheduled in this matter for Wednesday, September 7, 2022, at 3:00 p.m.  I have reviewed the

motion papers filed by the parties, and it is hereby

        ORDERD that the parties should prepared to either discuss/answer the following

questions at oral argument:

    1.  For the Government:

        a.  Where exactly was Andrew Franzone ("Defendant" or "Franzone") on

           April 22, 2021, when he was arrested?

        b.  How did law enforcement officers locate and identify Franzone on April

           22, 2021, when he was arrested?

        c.  What items did law enforcement officers seize or take possession of on

           April 22, 2021?

        d.  What items of Franzone's were seized or that the Government took

           possession of after April 22, 2021?

e.  What are the facts in the record that support that the Arrest Devices (Device-1 and Device-2) were seized incident to Defendant's arrest?

f.  In order for me to find that the seizure of the Arrest Devices occurred incident to Defendant's arrest don't I need to determine the distance between Defendant and the Arrest Devices at the time Defendant was arrested?

g.  Was Defendant arrested at the W Hotel?

    i.  Where in the W Hotel was Defendant arrested?

    ii.  Did Postal Inspector Gannon mistakenly indicate that Franzone "was arrested at a restaurant on the [Westin] Hotel premises." (Docs. 32-8 ¶ 9, 32-10 ¶ 11.)

    iii.  Were there video cameras at the location where Defendant was arrested?  If so, is there video evidence of Defendant's arrest?  Is there video of Defendant at the W Hotel at any other point in time?

    iv.  Did any law enforcement officers take photographs of the location where Franzone was arrested?

    v.  Is there any evidence that supports Defendant's assertion that he would frequent the W Hotel?

h.  Are there investigative reports documenting Franzone's arrest?

i.  Did the law enforcement officers take possession of Defendant's "personal property, including his clothing and toiletry items"?

j.   What is the evidence in the record that law enforcement officers were able to "quickly and correctly identify the devices as being the defendant's"? (Doc. 36 at 9.)

k.   Does the Government believe that if the Arrest Devices were 6 feet away from Defendant at the time of his arrest that would be consistent with the seizure of the Arrest Devices incident to arrest?

l.   Does the Government believe that if the Arrest Devices were 9 feet away from Defendant at the time of his arrest that would be consistent with the seizure of the Arrest Devices incident to arrest?

m.   Does the Government believe that if the Arrest Devices were 12 feet away from Defendant at the time of his arrest that would be consistent with the seizure of the Arrest Devices incident to arrest?

n.   Does the Government believe that if the Arrest Devices were 15 feet away from Defendant at the time of his arrest that would be consistent with the seizure of the Arrest Devices incident to arrest?

o.   Does the Government believe that if the Arrest Devices were 18 feet away from Defendant at the time of his arrest that would be consistent with the seizure of the Arrest Devices incident to arrest?

p.   Is it the Government's burden to demonstrate that the Arrest Devices were seized incident to Franzone's arrest?  If so, what evidence has the Government put forth that demonstrates how far away the Arrest Devices were from Franzone when he was arrested?

3

q. Besides obtaining the first search warrant, what investigative steps did the Government take after seizing Defendant's electronic devices and obtaining the second search warrant?

r. Did the Government contact the Westin Hotel and request records prior to Franzone's arrest?  If so, what records were requested?

2. For Defendant:

a. Is there any evidence that supports Defendant's assertion that he would frequent the W Hotel?

b. If Defendant's mother requested his property be returned on April 24, 2021, what is the legal significance of that request?

c. Did Defendant's mother know that he had been arrested prior to April 24, 2021, when she called the Westin Hotel?

d. On April 24, 2021, was the Westin Hotel lawfully in possession of Defendant's possessions?

e. Did Defendant's mother leave Alain a message when she was transferred to his telephone line on April 24, 2021?

f. When did Defendant's mother speak with Alain?  (Doc. 32 at 8.)

g. Had the Government taken possession of the Westin Devices prior to Defendant's mother speaking with Alain?

h. Did Defendant or his family members send anyone to retrieve his possessions from the Westin Hotel?

i. When were liquidation proceedings initiated related to the FF Fund?

j. At the time, was the FF Fund in bankruptcy?

4

       i.   When was the bankruptcy case filed?

      ii.   Who decide that FF Fund should file for bankruptcy?

     iii.   Did the FF Fund filed for bankruptcy because it could not meet

          fulfill redemption requests?

k.   Could Franzone access his electronic devices during the time period he

     was detained?

l.   After April 24, 2021, did Franzone have a privacy interest in any room or

     location within the Westin Hotel?

m.  How is the purported misstatement concerning the liquidation proceeding

     of the FF Fund material?

SO ORDERED.

Dated:    September 6, 2022
          New York, New York

                                          Vernon S. Broderick
                                          United States District Judge