MBI6FRAC                        Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                                 21 CR 446(VSB)

ANDREW FRANZONE,

              Defendant.

------------------------------x

                                         New York, N.Y.
                                         November 18, 2022
                                         10:10 a.m.
Before:

                  HON. VERNON S. BRODERICK,

                                  District Judge

                        APPEARANCES

DAMIAN WILLIAMS,
     United States Attorney for the
     Southern District of New York
BY: GINA CASTELLANO
     Assistant United States Attorney

JOSEPH COROZZO
     Attorney for Defendant

–and–

ANGELA LIPSMAN
     Attorney for Defendant

DEBORAH AUSTERN COLSON
     CJA Attorney on Duty for Defendant

1                (Case called)
2                THE COURT:  If counsel can please identify themselves
3     for the record.
4                MS. CASTELLANO:  Good morning, your Honor.  Gina
5     Castellano for the government.
6                THE COURT:  Good morning.
7                MR. COROZZO:  Good morning, your Honor.  On behalf of
8     Mr. Franzone, Joseph Corozzo.  And to my left is my associate,
9     Angela Lipsman.
10               THE COURT:  Good morning, Mr. Franzone.
11               THE DEFENDANT:  Good morning.
12               THE COURT:  I did receive a letter from Mr. Corozzo
13    about seeking to be relieved.  The one thing it didn't include
14    was what the plan was in terms of counsel in this case, and so
15    I just want to figure out exactly where that stands.
16               I guess there are different options, right?
17    Mr. Franzone could be seeking to retain counsel.  To the extent
18    he doesn't have the wherewithal, he can make an application for
19    CJA counsel.  And the last is — and I'm not at all suggesting
20    it by even saying this; that this is, again, an approach I'm
21    suggesting or I think would be wise — would be that
22    Mr. Franzone represent himself.  But we just need counsel here.
23     And the reason why I asked for the conference is just to try
24    and sort that out.
25               And I don't know whether, Mr. Corozzo, you have a

1  sense of that or not.
2           MR. COROZZO:  I actually do not, your Honor.  I think
3  it's safe to say I'm not clear on the issue.
4           THE COURT:  Okay.
5           THE DEFENDANT:  Should I talk?
6           THE COURT:  Well, that was going to be my next issue.
7  And let me just say, obviously — and other than the letter, I
8  don't know what the exact relationship is between attorney and
9  client.  But, Mr. Franzone, before you speak, if you could do
10 it through -- I mean, he's still your lawyer right now.  If you
11 can do it through Mr. Corozzo because you're not required to
12 speak.  These issues are related to your case but not directly
13 related to the substance, but anything you say here could be
14 used against you.  So unless there's some other reason, I think
15 it would make sense for you to take some time, speak to
16 Mr. Corozzo, and we can figure out exactly where this stands.
17          MR. COROZZO:  Your Honor, my client has expressed to
18 me an inability to pay private counsel, coupled with an
19 inability to provide or fill out the CJA form.  And he has
20 expressed his desire to me and interest in explaining to the
21 Court why it's, quote/unquote, impractical for him to fill out
22 the CJA financial form, and I'm not really clear what the issue
23 is.
24          THE COURT:  Well, I guess it could be that there's a
25 concern about other litigation, civil litigations, and the need

1    for him to indicate where assets may or may not be and whether

2    they are held directly by him or through proxies or through

3    some other thing.  And also, I mean, with regard to this, those

4    other issues are separate and I think would be a

5    Fifth Amendment issue.  In other words, he doesn't want to

6    disclose that he's got a bunch of money in different places, I

7    don't know, I guess is what I'm saying.

8              MR. COROZZO:  And neither do I, your Honor.

9              THE COURT:  And I think what makes sense is the

10   following:  I didn't ask for CJA counsel to be here today, but

11   I do believe, before Mr. Franzone makes a decision he needs

12   counsel.  I would advise — and I advise every defendant who

13   starts thinking they want to represent themselves that that's

14   a mistake.  Even if a person is a defendant and a lawyer, I

15   still would say that's a mistake, both practically and legally.

16   But a decision needs to be made, and CJA counsel won't be

17   appointed unless the financial affidavit is filled out.  But

18   there may be legal issues related to that.  I don't know.  But

19   I think you need to hash that out.

20             MR. COROZZO:  Would the Court consider the appointment

21   of counsel just for that one specific issue?

22             THE COURT:  That's what I was contemplating.  And also

23   if it turns out that it's an issue that is resolved between the

24   CJA counsel and Mr. Franzone, and there is a financial

25   affidavit submitted, that attorney could continue with the

1    representation.
2            Let me just pause here and see whether the government
3    has any reviews with regard to this.
4            MS. CASTELLANO:  We don't, your Honor.  No position on
5    this.
6            THE COURT:  That's what I figured.  Ms. Rodriguez,
7    could we call over and see if there's a CJA hanging out over at
8    500?  And, if not, we'll have to figure something out.  Or
9    maybe what we can do -- let's take that first step.  It may be
10   there isn't anyone in the area and so we'll have to put the
11   matter on for a different time.
12           The other alternative -- I know Mr. Corozzo, from the
13   letter, the situation that you and your firm is in, I obviously
14   wouldn't have an objection if you wanted to -- I don't know how
15   involved it is.  But if you wanted to hash it out, speak to
16   Mr. Franzone, and provide us with an update with regard to
17   that.
18           I will say that we're not that far along in the case.
19   In other words, I think that your application is likely to be
20   granted, but I would like to try and get past this issue.  The
21   CJA, we can try to get the CJA, but I'm not sure that we're
22   going to be successful.
23           MR. COROZZO:  Your Honor, if I ever have to make such
24   an application, I try to make it in a timely matter so it
25   doesn't inconvenience the case.  This has been an issue that's

1    been in existence for quite a while.

2             THE COURT:  Sure.

3             MR. COROZZO:  I think the suggestion -- it's almost a
4    comparative to a Curcio counsel issue.  If you can appoint CJA
5    off calendar because the counsel would need time to consult
6    with Mr. Franzone on this specific issue of whether the form
7    can be filled out.  We can appear in a short period of time.

8             THE COURT:  Perhaps we do this:  We'll try to figure
9    out who that person may be.  That attorney can consult with the
10   government to make sure that there are no conflicts.  We would
11   just need Mr. Franzone's contact information or vice versa.  I
12   know there's probably always one person on duty.  There may be
13   more than that.  But the issue would be whether there's some
14   conflict or another related to that, and then that attorney can
15   meet with Mr. Franzone once the conflict issue is clear.

16            MR. COROZZO:  And appointed counsel can always contact
17   Mr. Franzone through my office, and I would work with them and
18   help them through the issues, as I would if the case was
19   transferred.  I would need to help with the transition.

20            THE COURT:  Yes.  You can call, Ms. Rodriguez.
21   Actually, if there's anybody over there right now and they're
22   not busy, if we could get the name of the attorney or one of
23   the attorneys that's on duty, that would be great.

24            DEPUTY CLERK:  She'll be here in five minutes.

25            THE COURT:  Why don't we take a brief adjournment.

1    Her name is Deborah Colson, and she's on the CJA panel.  I've

2    had several matters with her.  So when she arrives, I'll allow

3    counsel, you can explain the situation to her, and then if the

4    government can just at least informally see about conflicts.  I

5    doubt there is, but you never know.

6              MS. CASTELLANO:  I'll confirm with my colleagues who

7    have been handling the matter, your Honor.

8              THE COURT:  Okay.  I'm going to step off the bench.

9    We will stand adjourned for a bit.

10             MS. CASTELLANO:  Thank you, your Honor.

11             (Recess)

12             THE COURT:  We should go back on the record to

13   introduce ourselves again.

14             MS. CASTELLANO:  Yes, your Honor.  Gina Castellano for

15   the government.

16             MR. COROZZO:  And for Mr. Franzone, Joseph Corozzo and

17   Angela Lipsman.

18             THE COURT:  All right.  Mr. Corozzo has made an

19   application to be relieved as retained counsel, and I was

20   considering that application.  But in the letter to me, there

21   was no indication about an attorney for this case, and so I was

22   just trying to figure out -- and apparently there's an issue

23   about — and I don't need to know the details — Mr. Franzone

24   filling out the CJA questionnaire, and it sounded like there

25   might be legal issues implicated.

1          What I would like to do is appoint you for a limited

2     purpose, at least at this stage, for representing Mr. Franzone,

3     to provide him with advice with regard to this, and with the

4     idea that if it turns out he fills out the form and he's

5     eligible, that I'm going to appoint you as counsel, unless

6     there's a reason not to.  I don't know whether you had an

7     opportunity to talk to government's counsel about the case and

8     whether there are any conflicts.

9          MS. CASTELLANO:  I didn't have an ability to speak to

10    Ms. Colson, but I have confirmed with my colleagues that there

11    is not conflict issue with her representing Mr. Franzone, if it

12    came to that, your Honor.

13         THE COURT:  All right.  Obviously, Ms. Colson, you'll

14    do your own check, but it sounds from the government's

15    perspective, I imagine what this means is that you're not

16    involved, from their perspective, but that doesn't mean you

17    haven't had representations that might implicate that.

18         I mean, does this make sense?  Again, I don't know the

19    substance of the issue, so what I would plan to do is relieve

20    Mr. Corozzo and appoint Ms. Colson at this stage for the

21    limited purpose of providing Mr. Franzone legal advice related

22    to filling out a Criminal Justice Act form and related matters

23    — I don't know what they may be — with the understanding that

24    if Mr. Franzone fills out a CJA form, and he meets the

25    eligibility requirements, I would appoint Ms. Colson to

1  represent him.

2      MS. COLSON:  Okay.  Thank you, your Honor.

3      THE COURT:  Well, yes.  It's fine.  I appreciate it,
4  again, you coming over here, and hopefully it won't be too busy
5  across the street.

6      Do we have a date that we were coming back here?

7      MS. CASTELLANO:  Your Honor, my understanding is
8  there's no next date, but perhaps it makes sense to set one at
9  a reasonable time to come back on this.  And I understand that
10  there are motions pending, but I'd also ask that time be
11  excluded from the speedy trial clock.

12      THE COURT:  All right.  So two weeks, perhaps.  I'm
13  going to say two weeks.  Is that sufficient time, do you think,
14  Ms. Colson?

15      MS. COLSON:  Sure.  I think so.

16      (Defendant and counsel confer)

17      MS. COLSON:  How about three weeks, your Honor?

18      THE COURT:  Okay.  December 9.  I apologize.  I'm in
19  the midst of picking a jury that's somewhat involved, and so
20  Monday through Thursday, I'm across the street doing that.  But
21  what I would say is we can do it on Thursday at 1:00 o'clock on
22  December 8.

23      MS. COLSON:  Okay.

24      THE COURT:  And so I'd like to, hopefully, have at
25  least reached a decision-making point on where things stand.  I

1  don't know.  I've never heard of, Ms. Colson, counsel being

2  appointed without anybody filling out a CJA form.  I don't

3  know.  But I'll leave it to you and Mr. Franzone.  And

4  obviously with regard to Mr. Corozzo, your files, you should

5  hold off if it turns out that Ms. Colson is going to be

6  appointed CJA counsel, obviously, so that you can transition

7  your files over to her.

8       MR. COROZZO:  Of course, your Honor.  And I would help

9  with the transition and assist in any way that I can.  I have

10 no qualms about spending a few hours helping with new counsel.

11      THE COURT:  All right.  So I'm going to exclude the

12 time between now and December 8, from the time within which

13 Mr. Franzone would have to be brought to trial.  I find that

14 that exclusion outweighs the interest of the public and

15 Mr. Franzone in a speedy trial.  That time is necessary to

16 resolve the counsel issue, specifically related to the CJA

17 filling out the CJA form.

18      Let me ask, is there anything else that we need to

19 deal with today from the government's perspective?

20      MS. CASTELLANO:  No, your Honor.

21      THE COURT:  Mr. Corozzo?

22      MR. COROZZO:  No, your Honor.  There's nothing else.

23      THE COURT:  Ms. Colson?

24      MS. COLSON:  No.  Thank you.

25      THE COURT:  Thank you, again, Ms. Colson.  All right.

MBI6FRAC                   Conference

1  Thank you.  We stand adjourned.
2              (Adjourned)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25