UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA                :

      -against-                                    :        21 CR 446 (VSB)

ANDREW FRANZONE                         :

                                                      :
------------------------------------------------------------X

# DEFENDANT'S MOTIONS *IN LIMINE*

Joseph R. Corozzo
Angela D. Lipsman
Rubinstein & Corozzo, LLP
*Attorneys for Defendant*
*Andrew Franzone*
260 Madison Avenue, 22d Fl.
New York, New York 10016
(212) 545-8777 (ph)
(917) 722-8206 (fax)
jcorozzo@rubcorlaw.com
alipsman@rubcorlaw.com

1

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................2

PRELIMINARY STATEMENT ....................................................................................................3

FACTS ............................................................................................................................................4

DISCUSSION .................................................................................................................................9

    I. Preclusion of Evidence of Loss to Investors Who Abandoned Their Interests. ....................10

    II. Preclusion of Referring to Investors as Victims. ..................................................................12

CONCLUSION ..............................................................................................................................14

## PRELIMINARY STATEMENT

Defendant Andrew Franzone ("Franzone") moves *in limine*: (1) to preclude evidence of loss to investors who abandoned their interests in the investment fund and (2) to preclude the Government and the Government's witnesses from referring to investors as "victims."[1]

The Linden West Trust was the single largest investor in the investment fund managed by the defendant, until Dennis Hersch, the trustee of the Linden West Trust (hereafter "Trustee" or "Dennis Hersch" to avoid confusion with the Trustee's son, Gregory Hersch) voluntarily abandoned the trust's investment of over $ 33 million. The Trustee personally benefited from the abandonment of the trust's interest, as he, separate and apart from the Linden West Trust's investment, was also an investor in the fund. By abandoning the trust's partnership in the fund, the Trustee became the single largest remaining investor in the fund.

But for the Trustee's abandonment of the Linden West Trust's investment in the fund, the trust, like all of the remaining investors in the fund, would be *profiting* handsomely from their investment, thanks to an extremely lucrative investment in the fund's portfolio.

Because an intentional tort of a third party (in this case, breach of fiduciary duty to the trust), is a superseding cause that breaks the chain of causation, Mr. Franzone's alleged fraud cannot be the proximate cause of any loss to the Linden West Trust and any similarly situated investors.

The probative value of loss that Mr. Franzone was not the proximate cause of would be substantially outweighed by the risks of unfair prejudice, misleading the jury, confusing the

---

[1] Mr. Franzone's previously filed motions, i.e. to suppress and for return of property, are still pending.

issues, wasting time, undue delay, and presenting unnecessary cumulative evidence. Wherefore such evidence should be precluded.

Similarly, the Government and the Government's witnesses should be precluded from referring to investors as victims here, given that not only does Mr. Franzone maintain that no crime occurred, but that there are no identifiable victims for the charged crimes. A victim has to have been proximately caused harm by the defendant. Thus, there can be no victims in the case at bar, where the only investors who are not reaping multiple times their investment in profits are those who abandoned their investments in the fund.

## FACTS

At all relevant times, Mr. Franzone was the sole owner and principal of FF FUND MANAGEMENT, LLC, a limited liability company ("FF FUND MANAGEMENT").

FF FUND MANAGEMENT is the general partner of investment fund FF FUND I, L.P. (the "FF FUND"), a limited partnership. Investments in the fund took the form of limited partnership interests in the fund. Indictment ¶ 2.

Mr. Franzone managed the FF FUND through FF FUND MANAGEMENT until September 24, 2019, when he engaged the services of Soneet R. Kapila as Chief Restructuring Officer ("CRO") for the FF FUND[2] and the CRO assumed control of the FF FUND and its assets.

In December 2015, the FF FUND engaged a financial advisory company, Florence Capital Advisors, LLC ("FCA"), *inter alia,* to perform "due diligence… into potential private

---

[2] Engagement Letter, filed at Doc. # 6, p. 18 – 25 in In re FF Fund I, L.P. et al., 19-22744-LMI (Bankr. S.D.Fla.) (hereafter the "Bankruptcy Case").

4

investments for the Fund's portfolio."[3] According to the Securities and Exchange Commission ("SEC"), FCA's principal, Gregory Hersch, had been a close friend of Mr. Franzone. Id. ¶ 7.

At the time, Gregory Hersch's father, Dennis Hersch, was the trustee of the Linden West Trust. On December 3, 2015, Dennis Hersch, on behalf of the Linden West Trust, appointed his son's financial advisory firm as an investment advisor to the Linden West Trust.[4]

Thereafter, the Linden West Trust, through the Hersches, invested over $ 33 million in the FF FUND. Id. ¶ 18. According to the beneficiaries of the Linden West Trust, this allegedly constituted "over 68% of the entire capital invested in the FF Fund." Id. ¶ 20.

Dennis Hersch, in his individual capacity, was also an investor in the FF FUND. Dennis Hersch is reported to have "invested approximately $1.1 million in the FF Fund, purchasing limited partner interests through his individual retirement account between approximately 2012 and 2014." Id. ¶ 21.

For its role in facilitating investments in the FF FUND, Gregory Hersch's financial advisory firm received payments from both the FF FUND and the Linden West Trust. The SEC ultimately censored Gregory Hersch and his advisory firm for violating the Investment Advisers Act of 1940, i.e. by failing to "adequately disclose to clients the conflicts of interest FCA had," SEC Order ¶ 15.

---

[3] In the Matter of Florence Capital Advisors, LLC and Gregory A. Hersch, Securities and Exchange Commission File No. 3-21771, Order Instituting Administrative And Cease-And-Desist Proceedings, Making Findings, and Imposing Remedial Sanctions And a Cease-And-Desist Order ¶¶ 6, 9, (hereafter "SEC Order"), filed at Doc. 15-1 in Florence Capital Advisors, LLC v. Zeiger v. Hersch et al., 24 CV 1094 (JHR) (SDNY).
[4] Wexner et al. v. Wollmuth Maher & Deutch LLP et al., 24 CV 6598 (SDNY) - Complaint, ¶ 12, Doc. # 1.

On August 6, 2019, Dennis Hersch, as trustee of the Linden West Trust, brought an action in Delaware Chancery Court against the FF FUND, seeking, *inter alia,* dissolution of the FF FUND.

As a result of the Delaware litigation instituted by Dennis Hersch, Mr. Franzone, on behalf of the FF FUND, retained the CRO. On September 24, 2019, the CRO filed a voluntary bankruptcy petition for the FF FUND in the Bankruptcy Court for the Southern District of Florida.

The initial Chapter 11 plan was not to liquidate the fund but to reorganize it. On December 16, 2020, the FF FUND filed a proposed Reorganization Plan in the Bankruptcy Case.[5] An amended Reorganization Plan was filed on February 1, 2021.[6] A confirmation hearing for the FF FUND's Amended Reorganization Plan was scheduled for April 26, 2021.[7]

On April 19, 2021, the FF FUND filed an *ex parte* motion to continue the confirmation hearing.[8] That *ex parte* motion was granted, and the confirmation hearing was rescheduled for May of 2021. Bankruptcy Case Doc. # 438.

On April 22, 2021, Mr. Franzone was arrested in the case at bar and was initially detained without bail.

On April 28, 2021, six days after Mr. Franzone had been detained without bail, the CRO filed a notice of intent to liquidate the FF FUND.[9]

---

[5] Bankruptcy Case Doc. # 196.
[6] Bankruptcy Case Doc. # 246.
[7] Amended Order Approving Disclosure Statement and Setting Hearing, Bankruptcy Case Doc. #262.
[8] Bankruptcy Case Doc. # 433.
[9] Notice of Intention to Proceed Pursuant to the Liquidating Trust Alternative, Bankruptcy Case Doc. #445.

Meanwhile, on February 3, 2020, Dennis Hersch filed an unsecured claim in the Bankruptcy Case on behalf of the Linden West Trust in the amount of $33,695,434.87. That same day, the HKW 2018 Trust filed an unsecured claim in the Bankruptcy Case in the amount of $986,123.27.

On December 1, 2020, the Linden West Trust (through Dennis Hersch), and the HKW 2018 Trust (through Harry K. Wexner), abandoned their interests in the FF FUND. Notices of Abandonment, Bankruptcy Case Doc. # 211 p. 10 – 13. On January 14, 2021, the FF FUND and fellow debtor F5 Business Investment Partners, LLC ("F5"), filed an Agreed Motion to Strike and Disallow the Proofs of Claim/Interests Filed by the Linden West Trust and the HKW 2018 Trust.[10] On January 14, 2021, the Bankruptcy Court granted the unopposed motion to strike and disallow the abandoned claims of the Linden West Trust and the HKW 2018 Trust. Bankruptcy Case Order Doc. # 212.

Dennis Hersch did not abandon his individual partnership interest in the FF FUND when he abandoned the Linden West Trust's partnership interest in the fund.

By removing the Linden West Trust as a partner, Dennis Hersch increased his own partnership interest in the FF FUND. Wexner Complaint ¶ 47.

More specifically, by abandoning the Linden West Trust's interest in the FF FUND while retaining his own personal interest in the FF FUND, Dennis Hersch allegedly increased his "percentage interest to 11.5983%," making "Dennis Hersch's IRA the single largest holder the FF Fund," Zeiger Third Party Complaint ¶ 42, 24 CV 1094 Doc. # 15.

Dennis Hersch passed away (of natural causes) in January of 2022. Wexner Complaint p.4.

---

[10] Bankruptcy Case Doc. # 211.

On July 8, 2021, Mr. Franzone was indicted. He is charged with one count of Securities Fraud (Count 1) and one count of Wire Fraud (Count 2), for allegedly defrauding investors of the FF FUND.

The Indictment alleges that Mr. Franzone fraudulently concealed from investors, *inter alia,* that over 80% of the FF FUND's assets were in "high-risk, illiquid private investments, many of which were either worthless or significantly impaired," Indictment ¶ 6.

One of the FF FUND investments was in CoreWeave, Inc. ("CoreWeave"). In 2019, the FF FUND invested approximately **$ 250,000** in the purchase of preferred shares of CoreWeave. That is, for $250,000, FF FUND obtained ownership of approximately 1.1% of CoreWeave's shares.

The CoreWeave investment turned out to be immensely profitable. On November 14, 2023, the FF FUND's Liquidating Trustee (a/k/a the CRO), filed a motion in the Bankruptcy Case to sell the FF FUND's shares of CoreWeave, Inc. for **$ 77 million**. Motion of Liquidating Trustee for Authority to Accept Tender Offer for Preferred Shares in CoreWeave, Inc. And Liquidate Some or All of Such Preferred Shares - Bankruptcy Case Doc. #629.

The CRO's application was brought prior to an anticipated Initial Public Offering of CoreWeave, meaning that FF FUND's investment in CoreWeave is quite possibly worth even more. According to Reuters, "Artificial intelligence cloud platform CoreWeave, is aiming for a valuation of **more than $35 billion** in its U.S. initial public offering," Echo Wang, *Exclusive: CoreWeave targets valuation of over $35 billion in 2025 US IPO, sources say*, Reuters (November 22, 2024) Available at: https://www.reuters.com/technology/artificial-intelligence/coreweave-targets-valuation-over-35-billion-2025-us-ipo-sources-say-2024-11-22/ (visited on March 8, 2025) (emphasis added).

8

Thus, far from suffering a loss, all of the remaining investors—i.e. those who did not voluntarily abandon their interests in the FF FUND—stand to *profit* from their investments in the FF FUND.

According to a Complaint filed by the beneficiaries of the Linden West Trust against the attorneys who represented former trustee Dennis Hersch, if the Linden West Trust had not abandoned their interest in the FF FUND, "Linden West's portion of just the CoreWeave interest would be worth approximately $70 million (according to Attorney Axelrod at a $7 billion valuation) and far more at CoreWeave's recent $19 billion valuation," Wexner Complaint ¶ 66.

## DISCUSSION

Defendant moves: (1) to preclude the Government from introducing evidence of "loss" to former investors who abandoned their interests in the FF FUND (including, but not necessarily limited to, the Linden West Trust and the HKW Trust); (2) to preclude the Government and the Government's witnesses from referring to investors as victims.

Pursuant to FRE 403, evidence may be precluded where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. "'Application of this Rule requires a balancing analysis, and the trial judge has broad discretion to weigh the probative value of the evidence against the negative factors.'… 'However, the broad discretion afforded to the district court in conducting that balancing is not limitless.'" Haynes v. Acquino, 692 Fed. Appx. 670, 671 (2d Cir. 2017) (quoting Li v. Canarozzi, 142 F.3d 83, 88 [2d Cir. 1998] and United States v. Morgan, 786 F.3d 227, 232 [2d Cir. 2015]).

9

I. Preclusion of Evidence of Loss to Investors Who Abandoned Their Interests.

Loss is not an element of Securities Fraud or Wires Fraud. However, intent to defraud is. Thus, evidence of actual loss can be probative of intent to defraud. United States v. Schena, 2022 U.S. Dist. LEXIS 131030 *; 2022 WL 2910185 (N.D. Cal. July 23, 2022) (citations omitted).

But whether evidence has probative value is not the end of a FRE 403 balancing inquiry. The probative value of "victim impact testimony" can be "substantially outweighed by the 'danger of unfair prejudice,'" United States v. Brooks, 2010 U.S. Dist. LEXIS 151743, *5 (E.D.N.Y. January 25, 2010). "Unfair prejudice 'as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged,'" Brooks, 2010 U.S. Dist. LEXIS 151743, *2 (quoting Old Chief v. United States, 519 U.S. 172, 136 L.Ed. 2d 574, 588 [1997]).

In Brooks, the court precluded investors "from testifying as to any pecuniary loss they may have suffered from an investment, and how that loss impacted their lives," reasoning that "permitting the DHB investors to testify regarding their losses and how these losses affected their lives, may mislead the jury to declare guilt on a 'ground different from [the] proof specific to the offense charged.'" Brooks, 2010 U.S. Dist. LEXIS 151743, *5 (quoting Old Chief, 519 U.S. 172, 180).

In the case at bar, because of the immense profitability of the FF FUND's investment in CoreWeave, the only investors who have experienced any loss are those who *abandoned their claims* against the FF FUND, such as the Linden West Trust and the HKW 2018 Trust.

The proximate cause of said losses would be the *investors' abandonment* of the interests in the FF FUND, not any alleged conduct on Mr. Franzone's part. "Loss causation 'has been likened to the tort concept of proximate cause… A loss causation analysis 'typically examines

10

how directly the subject of the fraudulent statement caused the loss, and whether the resulting loss was a foreseeable outcome of the fraudulent statement. Related factors include whether intervening causes are present, and the lapse of time between the fraudulent statement and the loss.'" United States v. Cummings, 189 F. Supp. 2d 67, 76 (S.D.N.Y. 2002) (quoting Suez Equity Investors, L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 96 [2d Cir. 2001]).

For example, a "classic superseding cause" would be the "intentional tort of a third party," United States v. Ugbomah, 2023 U.S. Dist. LEXIS 17859 *; 2023 WL 1475316 (E.D.N.Y. 2023) (citing Restatement of Torts [Second] § 448 [1965]).

While the civil complaints filed by the beneficiaries of the Linden West Trust and the new trustee of the Linden West Trust do not name the estate of Dennis Hersch as a defendant, the facts recited in both complaints make out a clear *prima facie* case of Dennis Hersch breaching his fiduciary duty to the Linden West Trust. That is, that while Dennis Hersch owed a fiduciary duty as trustee to the Linden West Trust to act in the best interests of the trust, he breached that duty by abandoning the Linden West Trust's claim of over $ 33 million in the FF FUND to his own personal advantage.

By abandoning the Linden West Trust's partnership interest, while retaining his own IRA's partnership interest, Dennis Hersch made himself the largest remaining investor in the FF FUND, "increasing his percentage interest to 11.5983%." Zeiger Third Party Complaint ¶ 42.

Thus, even without getting into the alleged intentional torts of other third parties (including but not limited to Gregory Hersch and attorney Brad Axelrod), Dennis Hersch's action in voluntarily abandoning the Linden West Trust's $ 33 million investment in the FF FUND, in breach of his fiduciary duty to the trust, constitutes a clear superseding cause.

Thus, the loss to the Linden West Trust was proximately caused by the abandonment of the investment in the FF FUND, not by any actions by Mr. Franzone. The probative value of loss that was proximately caused by a third party's intentional tort is substantially outweighed by the risk of unfair prejudice to Mr. Franzone, and the risks of misleading the jury, confusing the issues, wasting time, and needlessly presenting cumulative evidence. Evidence of loss caused by third parties is not probative of whether the defendant had the requisite intent to defraud. In addition to, *inter alia,* wasting the Court's time and confusing the issues, any negligible probative value of such evidence is substantially outweighed by the risk that jurors would convict "on a 'ground different from [the] proof specific to the offense charged.'" Brooks, 2010 U.S. Dist. LEXIS 151743, *5 (quoting Old Chief, 519 U.S. 172, 180). See Wright v. Levitt, 2022 U.S. Dist. LEXIS 25151, *14 - *15 (W.D.N.Y. Feb. 11, 2022) (precluding evidence of testimony from which jurors could conclude that plaintiff was a member of a gang under FRE 403 because of risk of confusing the jury and on the grounds that any possible probative value would be substantially outweighed by danger of unfair prejudice).

Wherefore, Mr. Franzone moves to preclude the Government from introducing evidence of loss to investors, including but not limited to the Linden West Trust, who abandoned their interests in the FF FUND.

II. Preclusion of Referring to Investors as Victims.

We start by acknowledging that there is no *per se* rule that referring to a complainant as a victim is always unfairly prejudicial. Rather, as with any FRE 403 motion, the analysis is fact specific and must be made on a case by case basis. In certain cases, "the nature of the alleged crime and the factual circumstances of the case warranted the requested preclusion of the term

'victim,'" United States v. Clanton, 2024 U.S. Dist. LEXIS 43518, *57; 2024 WL 1072050 (E.D.N.Y. March 12, 2024).

For example, precluding use of the term "victim" may be appropriate because there is no identifiable victim for the charged crime, Clanton, 2024 U.S. Dist. LEXIS 43518, *57 (citing United States v. Wagner, 2022 U.S. Dist. LEXIS 591, 2002 WL 19179 [S.D.N.Y. Jan. 3, 2022]) or "in a case where the defense is that no crime occurred," United States v. Ray, 2022 U.S. Dist. LEXIS 34583, 85; 2022 WL 558146 (S.D.N.Y. Feb. 24, 2022) (collecting cases).

Both situations apply here. Not only does Mr. Franzone maintain that there was no Securities Fraud or Wire Fraud, but there are no identifiable victims for the charged crimes. Under the Mandatory Victims Restitution Act, a "victim" is "'a person *directly and proximately harmed* as a result of the commission of an offense for which restitution may be ordered'… To qualify as a 'victim,' then, a party must have endured a financial loss that was 'directly and proximately' *caused* by a defendant's fraud." United States v. Calderon, 944 F.3d 72, 95 (2d Cir. 2019) (quoting 18 U.S.C. § 3663(A)(2) and citing United States v. Paul, 634 F.3d 668, 676 [2d Cir. 2011]) (emphasis in Calderon).

Here, however, because of the enormous return on the FF FUND's investment in CoreWeave, the only investors who are not profiting handsomely from their investment in the FF FUND are those, like the Linden West Trust, who abandoned their interest in the FF FUND. Thus, as we discussed *supra*, any conduct of Mr. Franzone would not be the proximate cause of any loss. The proximate cause would be the abandonment of partnership interests in the FF FUND which, at least in the case of the Linden West Trust, involved an intentional tort on the part of a third party.

13

Wherefore, since no one was proximately harmed by the defendant's alleged fraud, there are no identifiable victims in the case at bar, and Mr. Franzone moves to preclude both the U.S. Attorney's Office and the Government's witnesses from referring to any investors as "victims."

## **CONCLUSION**

WHEREFORE, Defendant Andrew Franzone moves for an Order:

1. Precluding evidence of loss to investors, including but not limited to the Linden West Trust, who abandoned their investments in the FF FUND, as the probative value of such evidence is substantially outweighed by the risks of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence; and

2. Precluding the U.S. Attorney's Office and the Government's witnesses from referring to any investors as victims given that not only does Defendant maintain that no crime occurred, but that there are no identifiable victims in the case at bar.

Dated: New York, New York  
March 10, 2025

Respectfully submitted,

/s/ *Joseph R. Corozzo*  
Joseph R. Corozzo, Esq.  
Angela D. Lipsman, Esq.  
Rubinstein & Corozzo, LLP  
*Attorneys for Defendant*  
*Andrew Franzone*  
260 Madison Avenue, 22d Fl.  
New York, New York 10016  
(212) 545-8777 (ph)  
(917) 722-8206 (fax)  
jcorozzo@rubcorlaw.com  
alipsman@rubcorlaw.com

cc:   A.U.S.A.s Sarah Mortazavi,

Marguerite Colson and Margaret Lynaugh (via ECF)