UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                 :

  UNITED STATES OF AMERICA      :

                               :

         - v. -              :            21 Cr. 446 (VSB)

                               :

  ANDREW FRANZONE,        :

                               :

           Defendant.      :

                               :

                               :

------------------------------------------------------x


## THE PARTIES' REQUESTS TO CHARGE


                                   MATTHEW PODOLSKY
                                   Acting United States Attorney for the
                                   Southern District of New York
                                   26 Federal Plaza
                                   New York, New York 10278


                                   Marguerite B. Colson
                                   Maggie Lynaugh
                                   Sarah Mortazavi
                                   Assistant United States Attorneys
                                   -Of Counsel-


Joseph R. Corozzo, Esq.
Angela D. Lipsman, Esq.
Rubinstein & Corozzo LLP
*Attorneys for Defendant*
*Andrew Franzone*
260 Madison Ave., 22nd Fl.
New York, New York 10016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                      :

UNITED STATES OF AMERICA        :

                                      :

       - v. -                :             21 Cr. 446 (VSB)

                                        :

ANDREW FRANZONE,            :

                                        :

           Defendant.      :

                                        :

------------------------------------------------------ x

## <u>REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury. The agreed-upon instructions appear in black ink. Where there is a dispute between the parties, the instructions proposed by the Government appear in blue ink; the counter-proposed instructions proposed by the defendant, Andrew Franzone, (if any) appear in red ink.

# TABLE OF CONTENTS

REQUEST NO. 1: General Requests .................................................................................................3

REQUEST NO. 2: Summary of the Indictment ...............................................................................5

REQUEST NO. 3: Multiple Counts .................................................................................................7

REQUEST NO. 4: Count One: The Indictment and the Statute.......................................................8

REQUEST NO. 5: Count One: Elements of the Offense .................................................................9

REQUEST NO. 6: Count One: First Element – Fraudulent Act – Overview ...................................11

REQUEST NO. 7: Count One: Second Element – Knowledge, Intent, and Willfulness ...................17

REQUEST NO. 8: Count One: Third Element – Instrumentality of Interstate Commerce.................21

REQUEST NO. 9: Count Two: Wire Fraud – The Indictment and the Statute...................................24

REQUEST NO. 10:    Count Two: Wire Fraud – First Element: Existence of Scheme or Artifice to Defraud                  ...................................................................................................25

REQUEST NO. 11:    Count Two: Wire Fraud – Second Element: Knowing Participation in Scheme With Intent to Defraud...................................................................................................31

REQUEST NO. 12:    Count Two: Wire Fraud – Third Element: Use of Interstate Wires ................34

REQUEST NO. 13:    Venue.................................................................................................37

REQUEST NO. 14:    Other Acts (If Applicable).................................................................38

REQUEST NO. 15:    Credibility of Witnesses .................................................................40

REQUEST NO. 16:    False in One, False in All .................................................................43

REQUEST NO. 17:    Preparation of Witnesses (If Applicable) .........................................44

REQUEST NO. 18:   Impeachment of Defendant – Other Bad Acts - FRE 608(b) (If Applicable) ..45

REQUEST NO. 19:   Law Enforcement Witnesses (If Applicable) ....................................................46

REQUEST NO. 20:   Credibility of Witnesses - Testimony of Addict or Substance Abuser (If

Applicable)   ................................................................................................................47

REQUEST NO. 21:   Uncalled Witnesses – Equally Available to Both Sides / Missing Witness (If

Applicable)   ................................................................................................................48

REQUEST NO. 22:   Other Individuals Not on Trial ........................................................................50

REQUEST NO. 23:   Defendant's Testimony (If Applicable) ...........................................................51

REQUEST NO. 24:   Defendant's Right Not to Testify (If Applicable) ............................................52

REQUEST NO. 25:   Use of Evidence Obtained Pursuant to Searches (If Applicable) / Evidence ...53

REQUEST NO. 26:   Use of Charts and Summaries ........................................................................56

REQUEST NO. 27:   Stipulations / Stipulated Testimony and Stipulations of Fact .........................57

REQUEST NO. 28:   Audio/Video Recordings – Transcripts (If applicable) ...................................58

REQUEST NO. 29:   Opinion Evidence (Expert Witnesses) (If Applicable) ....................................59

REQUEST NO. 30:   Opinion Evidence (Lay Witnesses) (F.R.E. 701) (If Applicable) ...................61

REQUEST NO. 31:   Concluding Remarks ......................................................................................62

REQUEST NO. 1:   General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Rulings on Evidence and Objections.

e.   Burden of Proof and Presumption of Innocence.

f.   Reasonable Doubt.

g.   Government Treated Like Any Other Party.

h.   Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.   Inferences.

j.   Credibility of Witnesses.

k.   Redactions.

l.   Jury's Recollection Controls.

m.   Right To See Exhibits and Have Testimony Read During Deliberations.

n.   Sympathy: Oath as Jurors.

o.   Punishment Is Not To Be Considered by the Jury.

p.   Verdict of Guilt or Innocence Must Be Unanimous.

q.   Variance in Dates.

r.   Particular Investigative Techniques Not Required.

s.   Transcripts.

REQUEST NO. 2:   Summary of the Indictment

The defendant, Andrew Franzone, has been charged in what is called an Indictment. An Indictment is an accusation. It is not evidence. The Indictment contains two counts, or charges. In a few moments, I will instruct you on each of those charges in more detail. At the outset, however, let me instruct you that in your deliberations and in reaching your verdict, you must consider each count separately. You must return a separate verdict as to each count.

The Indictment charges that Franzone committed wire fraud and securities fraud in connection with FF Fund I, LP, which was an investment fund managed by Franzone.

Counts One and Two allege that Franzone committed securities fraud by inducing investors, through misrepresentations and omissions, to invest in FF Fund I. Franzone claimed that the Fund would maintain a highly liquid portfolio by trading in preferred securities and options so that investors could quickly and easily withdraw the money they had invested.

Counts One and Two allege that Franzone committed securities fraud by inducing investors, through misrepresentations and omissions, to invest in FF Fund I. According to the Indictment, Franzone claimed that the Fund would maintain a highly liquid portfolio by trading in preferred securities and options so that investors could quickly and easily withdraw the money they had invested on a quarterly basis.

In monthly reports to investors, Franzone represented that the Fund was consistently achieving positive returns. The Indictment alleges that in actuality, Franzone used investor money to invest in high-risk, illiquid private investments that could not easily or quickly be monetized, and to fund personal business interests. The Indictment further alleges that when certain investors

asked to redeem, or withdraw the money they had invested, Franzone was unable to fulfill those requests and the Fund declared bankruptcy.

REQUEST NO. 3:   Multiple Counts

Each count charges a different crime. You must consider each count of the Indictment separately, and you must return a separate verdict as to each Count.

The case on each count stands or falls upon the proof or lack of proof with respect to that count. Your verdict on one count should not control your decision as to any other count.

For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense. Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

I am now going to discuss the two counts of the Indictment.

Adapted from Third Circuit Model Crim. Jury Instructions, Instr. 3.12; Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

7

REQUEST NO. 4:   Count One: The Indictment and the Statute

The Indictment charges in Count One a violation of Section 10(b) of the Securities Exchange Act. Section 10(b) of the Securities Exchange Act makes it "unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails . . . to use or employ, in connection with the purchase or sale of any security . . . , any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j. Rule 10b-5, which implements this provision, forbids, in connection with the purchase or sale of any security, employing "any device, scheme, or artifice to defraud" or, making "any untrue statement of a material fact or [omitting] to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or "any other "act, practice, or course of business" that "operates . . . as a fraud or deceit." 17 CFR § 240.10b-5.

> 3 Modern Federal Jury Instructions-Criminal P 57.03 (2023); *United States v. O'Hagan*, 521 U.S. 642, 658 (1997); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 195 (1976); 15 U.S.C. § 78j(b); 15 U.S.C. § 78i; *See also* S. Rep. No. 792, 73d Cong., 2d Sess., 1-5 (1934).

REQUEST NO. 5:   Count One: Elements of the Offense

To establish a violation of Section 10(b), the Government must prove each of the following three facts, also known as "elements," beyond a reasonable doubt:

*First*, that in connection with the purchase or sale of a security, the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact, which omission made what was said, under the circumstances, misleading, or

(2) obtained money or property by means of any untrue statement of a material fact, or by failing to state a material fact, which omission made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with the intent to defraud; and

*Third*, that, in furtherance of the fraudulent conduct, the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce, or the mails, or any facility of any national securities exchange.

I will discuss each element in turn.

> Adapted from the charge of the Honorable Paul A. Engelmayer in *United States v. Jonathan Moynahan Larmore*, No. 24 Cr. 140 (Oct. 22, 2024); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); Sand, et al., *Modern Federal Jury Instructions*,

9

Instr. 57-20; *Eighth Circuit Model Crim. Jury Instructions* Instr. 6.15.77q(a) and 78j(b); *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (noting that scienter for securities fraud is "intent to deceive, manipulate or defraud" and does not require an intent to harm); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979).

REQUEST NO. 6:   Count One: First Element – Fraudulent Act – Overview

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact, which omission made what was said, under the circumstances, misleading, or

(2) obtained money or property by making[1] an untrue statement of a material fact or by omitting to state a material fact, which omission made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, it is not necessary for the Government to prove that the scheme involved all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense. You must, however, be unanimous as to which type of unlawful conduct occurred. Let me now explain some of these terms.

**"Device, Scheme, or Artifice to Defraud"**

A "device, scheme, or artifice to defraud" is merely a plan to accomplish a fraudulent objective. "Fraud" is a general term that embraces all efforts and means that individuals devise to

---

[1] Eighth Circuit Model Criminal Jury Instruction 6.15.77q(a) and 78j(b) Securities Fraud.

deceive. It includes all kinds of manipulative and deceptive acts, whether by making false statements or otherwise. The fraud or deceit need not relate to the investment value of the securities involved in this case and need not involve a specific oral or written statement. A "scheme to defraud," specifically, is a pattern or course of conduct concerning a material matter designed to deceive a person.

A "device, scheme, or artifice to defraud" is merely a plan or course of action intended to deceive or cheat another out of money or property by employing material falsehoods, or concealing material facts, or omitting material facts. It also means the obtaining of money or property from another by means of material false representations or promises.[2] "Fraud" is a general term that embraces all efforts and means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.[3]

### **False Statements and Omissions**

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intent to deceive. A statement may also be false if it contains half-truths or if it conceals material facts in a manner that makes what is said or

---

[2] Eighth Circuit Model Crim. Jury Instructions, Instr. 6.15.77q(a) and 78j(b) Securities Fraud.
[3] Third Circuit Model Crim. Jury Instructions, Instr. 6.18.1341-1 Mail, Wire, or Bank Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined.

represented deliberately misleading. This includes statements that may be literally true but that nevertheless create a materially misleading impression.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey a false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

**"In Connection With"**

You must also find that the defendant participated in fraudulent conduct that was "in connection with" a purchase or sale of securities. I instruct you that the limited partnership interests through which investors participated in Franzone's investment fund are securities within the meaning of federal law. The term "securities" means notes, stocks, treasury stocks, security futures, bonds, debentures, evidence of indebtedness, certificates of interest or participations in any profit-sharing agreement, investment contracts, or, in general, interests or instruments commonly known as "securities."[4]

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied as long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.

Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction, such as the purchase or sale of limited partnership interests in the fund the defendant operated, or the decision

---

[4] Eighth Cir. Model Crim. Jury Instructions, Instr. 6.15.77q(a) and 78j(b) Securities Fraud.

to hold onto securities where, if the alleged fraud had been known, the decision might have been otherwise.

Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

### **"Material Fact"**

If you find that the Government has established a statement was false or a statement was omitted, rendering the statements that were made misleading, you must next determine whether the device, scheme, statement, half-truth, or omission was material under the circumstances.

The word "material" here refers to the nature of the false or misleading statements. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one that a reasonable person would have considered important in making his or her investment decision. Material information in this context is information that a reasonable investor would have considered important in making an investment decision in light of the total mix of information publicly available.

We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one that has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction; for example, if the fact could reasonably be

expected to cause or induce[5] a reasonable person to make his or her investment decision. Material information in this context is information that a reasonable investor would have considered important in making an investment decision in light of the total mix of information that was publicly available.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important to him reflects that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been significant to a reasonable person in making an investment decision.

In considering whether a statement or omission was material, let me also caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether any of the victims involved were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the experienced investor.

In considering whether a statement or omission was material, let me caution you that, as a matter of law, a written disclaimer cannot cause any misrepresentation, including any oral misrepresentation, to be immaterial as a matter of law.

---

[5] Eighth Cir. Model Crim. Jury Instructions, Instr. 6.15.77q(a) and 78j(b) Securities Fraud.

Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether any of the victims involved were gullible or sophisticated investors,[6] because the law protects the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the unlawful conduct was or would have been successful, or whether the defendant profited or received any benefits[7] as a result of the alleged scheme.

Success is not an element of the offense. If, however, you find that the defendant expected to or did profit from the scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

> Adapted from Eighth Circuit Model Crim. Jury Instructions 6.15.77q(a) and 78j(b); Third Circuit Model Crim. Jury Instructions 6.18.1341-1; the charge of the Honorable Paul A. Engelmayer in *United States v. Jonathan Moynahan Larmore*, No. 24 Cr. 140 (Oct. 22, 2024); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (Dec. 22, 2017).

---

[6] Eighth Cir. Model Crim. Jury Instructions Instr. 6.15.77q(a) and 78j(b) Securities Fraud.
[7] Id.

REQUEST NO. 7:   Count One: Second Element – Knowledge, Intent, and Willfulness

The second element of Count One that the Government must establish is that the defendant acted knowingly, willfully, and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. With respect to false statements, the defendant must have known the statement was untrue when made.

To act "willfully" means to act voluntarily and with a wrongful purpose.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive someone for the purpose of causing some financial loss or loss of property to another or bringing about some financial gain to oneself or another to the detriment of a third party.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case in which it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct,

his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

In order for you to find the defendant guilty of Count One, the Government must prove that the defendant acted with an intent to deceive, manipulate, or defraud. The Government need not show that the defendant acted with an intent to cause harm.

In order for you to find the defendant guilty of Count One, the Government must prove that the defendant acted with an intent to defraud, that is, with an intent to deceive someone for the purpose of depriving another of money or property.[8]

Because an essential element of the crime charged is intent to deceive or defraud, good faith on the part of the defendant is a complete defense to the charge.

---

[8] *Ciminelli v. United States*, 143 S. Ct. 1121, 1126 (2023) (citation omitted) (Government must prove "that money or property was 'an object of their fraud'"). See also Third Cir. Model Crim. Jury Instructions, Instr. 6.18.1341-1 ("a 'scheme to defraud' is any plan, device, or course of action to deprive another of money or property…"); See also Eighth Cir. Model Crim. Jury Instruction 6.15.77q(a) and 78j(b) Securities Fraud ("for the purpose of causing some financial loss or loss of property to another or bringing about some financial gain… to the detriment of a third party").

<span style="color:red">Because an essential element of the crime charged is intent to defraud, good faith on the part of the defendant is a complete defense to the charge.</span>

An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

A defendant has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to <span style="color:blue">deceive or manipulate.</span>

<span style="color:blue">In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money or that particular investments would ultimately be financially advantageous for investors does not mean the defendant acted in good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.</span>

A defendant has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to <span style="color:red">defraud.</span>

As a practical matter, then, to prove the charge against the defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his statements or conduct were false, fraudulent, or calculated to deceive, <span style="color:red">with the intent to deprive another of money or property</span>[9] and that he nevertheless carried out the alleged fraudulent scheme.

---

[9] <span style="color:red">See *Ciminelli.*</span>

19

Adapted from Eighth Cir. Model Crim. Jury Instructions 6.15.77a(a) and 78j(b); the charge of the Honorable Paul A. Engelmayer in *United States v. Jonathan Moynahan Larmore*, No. 24 Cr. 140 (Oct. 22, 2024); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); and the Honorable Jed S. Rakoff in *United States v. Petit*, No. 19 Cr. 850; Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-16; *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

REQUEST NO. 8:   Count One: Third Element – Instrumentality of Interstate Commerce

The third and final element of Count Two is that the Government must prove beyond a reasonable doubt that the defendant knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails and an instrumentality of interstate commerce were used in furtherance of the fraudulent scheme. Either one of the above—either the mails *or* an instrumentality of interstate commerce—is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud, or in furtherance of fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme and may even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentalities of interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

The use of the term "mails" is self-explanatory, and includes the U.S. Mail and Federal Express and other commercial interstate mail couriers. The phrase "interstate commerce" means commerce in securities or any transportation or communication relating to securities between any combination of states, territories, and possessions of the United States, including the District of Columbia, or between any foreign country and any state, territory, or possession of the United States, including the District of Columbia.

The phrase "interstate commerce" also includes intrastate use of any property, premise or other facility of a national securities exchange, such as a stock trade made on the NASDAQ or New York Stock Exchange or of a telephone or other interstate means of communication, or any other interstate instrumentality. The term "commerce" includes, among other things, travel, trade, transportation and communication

Examples of instrumentalities of interstate commerce include telephone calls, emails, or text messages.

Adapted from Eighth Cir. Model Crim. Jury Instructions 6.15.77q(a) and 78j(b); the charge of the Honorable Paul A. Engelmayer in *United States v. Jonathan Moynahan Larmore*, No. 24 Cr. 140 (Oct. 22, 2024); the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869; the Honorable Ronnie Abrams in *United States v. Hild*, 19 Cr. 602 (Apr. 14, 2021); and Sand, et al., *Modern Federal Jury*

*Instructions*, Instrs. 57-20, 57-25. *See also United States v. Giordano*, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

REQUEST NO. 9:   Count Two: Wire Fraud – The Indictment and the Statute

As I mentioned before, Count Two of the Indictment charges the defendant with wire fraud.

The law provides, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, [is guilty of wire fraud].

For this count, the Government must prove the following three elements:

*First*, the defendant employed a device, scheme, or artifice to defraud or obtain money or property by false pretenses, representations or promises;

*Second*, the defendant participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

*Third*, in the execution of the scheme, the defendant used, or caused to be used, interstate wires.

I will discuss each in turn.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-3, and the charge given by the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022); the Honorable J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (March 8, 2019).

24

**REQUEST NO. 10:** Count Two: Wire Fraud – First Element: Existence of Scheme or Artifice to Defraud

The first element the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victims of money or property by false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan, device, or course of action for the accomplishment of an object.

"Fraud" is a general term that embraces all efforts and means that individuals devise to deceive. Thus, a scheme to defraud is merely a plan, device, or course of action, to deprive another of money or property by deception.

A "pretense, representation, or statement" is fraudulent if it was made falsely and with intent to deceive. A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The deception need not be premised on spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter. The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure, the defendant actually knew such a disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case. It is not necessary for you to find that the defendant profited from the fraud. It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

### "Material Fact"

The false or fraudulent representation or concealment must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person.

You have heard evidence that after investors invested with the defendant, the defendant continued to make false statements and representations. It is not necessary for the Government to prove that a false or fraudulent representation or statement was made prior to an investor's decision to part with money or property. Rather, if after having obtained money or property, the defendant devises or participates in a fraudulent scheme to deprive the alleged victim of that money or property by keeping the money or property through making a subsequent false or fraudulent representation as to a material fact, that is sufficient to establish the existence of a scheme to defraud.

It is not necessary for the Government to prove that the scheme to defraud actually succeeded, that any particular person actually relied upon a statement or representation, or that any

victim actually suffered damages as a consequence of any false or fraudulent representations, promises, or pretenses. Nor do you need to find that the defendant profited from the fraud or realized any gain. You must concentrate on whether there was such a scheme, not the consequences of the scheme, although proof concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself.

In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if he, she, or it had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to wire fraud.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-4, and the charge given by the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022).

The first element that the government must prove beyond a reasonable doubt is that defendant ANDREW FRANZONE knowingly devised a scheme to defraud investors in an investment fund of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false *(or fraudulent)* pretenses, *representations, and promises*. The representations which the government charges were made as part of the scheme to defraud are set forth in the indictment *(which I have already read to you)*. The government is not required to prove every misrepresentation charged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A representation is false if it is untrue when made and if the person making the representation or causing it to be made knew it was untrue at the time it was made.

A representation is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful representations of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent representations. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

*[The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.]*

The false or fraudulent representation *(or failure to disclose)* must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision *with respect to a proposed investment*.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable *investor* might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that *defendant ANDREW FRANZONE* originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that *any* intended victim actually suffered any loss. *In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that defendant ANDREW FRANZONE profited.*

*Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.*

If you find that the government has proved beyond a reasonable doubt that the *(overall)* scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the *(overall)* scheme charged in the indictment, you should then consider the second element.[10]

---

[10] Adapted from Third Cir. Model Crim. Jury Instructions 6.18.1341-1    Mail, Wire, or Bank Fraud – "Scheme to Defraud or to Obtain Money or Property" Defined.

REQUEST NO. 11:  Count Two: Wire Fraud – Second Element: Knowing Participation in Scheme With Intent to Defraud

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly and with the specific intent to defraud. The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.

As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and with a specific intent to defraud. I have previously defined the term "knowingly", and you are to follow those instructions here.

For purposes of wire fraud only—and thus not for the securities fraud counts—"intent to defraud" means to act knowingly with the specific intent to deceive, for the purpose of causing some financial or property loss to another. The Government need not prove that any intended victim was actually harmed, including actually financially harmed. Thus, even if the defendant you are considering believed that the victims would not ultimately lose money, or that they would ultimately not suffer financial loss, that is no defense if the defendant intended immediate or temporary financial or property loss to another. Where some financial loss is contemplated, even temporarily, by the defendant, the fact that the defendant believes the victim will ultimately suffer no loss is no excuse to the crime. Additionally, the Government need not prove that the intent to defraud was the only intent or even the primary intent of the defendant. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.

The question of whether a person acted knowingly and with specific intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. As I instructed you earlier, and like any other fact, direct proof is not required to establish the defendant's state of mind. You may rely on circumstantial evidence to establish the defendant's state of mind.

Because an essential element of the wire fraud offense charged in Count Two is specific intent to defraud, it follows that "good faith" on the part of the defendant is a complete defense to a charge of wire fraud. You should follow the instructions I gave earlier on good faith. As I previously stated, a belief by the defendant, if such belief existed, that ultimately everything would work out does not by itself constitute good faith.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the Government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

Adapted from the charge given by the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023); and Honorable J. Paul Oetken in United *States v. Middendorf*, 18 Cr. 36 (March 8, 2019); and Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-5.

The applicable *mens rea* for wire fraud is "specific intent to harm or defraud the victims of the scheme." *United States v. Rybicki*, 354

F.3d 124, 150 (2d Cir. 2003). The word "willfully" appears nowhere in the text of the wire fraud statute. *See United States v. Gole*, 21 F. Supp. 2d 161, 167-68 (E.D.N.Y. 1997) ("'Willfully' appears nowhere in the mail fraud statute, and the Second Circuit has expressly held that the only scienter requirement for a violation of § 1341 is that the acts proscribed be carried out 'knowingly.'"); *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015) ("The wire-fraud statute requires a specific intent to defraud but not willfulness or any other proxy for knowledge of the law."); *United States v. Dockray*, 943 F.2d 152, 156 (1st Cir. 1991) (holding that "willfulness" is "not synonymous with the intent to defraud requirement in the mail and wire fraud statutes"); *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017) ("The mail and wire fraud statutes do not require proof of willfulness.").

The second element that the government must prove beyond a reasonable doubt is that defendant ANDREW FRANZONE acted with the specific intent to defraud.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss or loss of property to another or bringing about some financial gain to oneself or another to the detriment of a third party.

In considering whether defendant ANDREW FRANZONE acted with an intent to defraud, you may consider, among other things, whether defendant ANDREW FRANZONE acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

Adapted from Eighth Circuit Model Crim. Jury Instructions, 6.18.1343 Wire Fraud (18 U.S.C. § 1343); Third Cir. Model Crim. Jury Instructions, 6.18.1341-4    Mail or Wire Fraud – "Intent to Defraud" Defined.

REQUEST NO. 12:  Count Two: Wire Fraud – Third Element: Use of Interstate Wires

The third and final element that the Government must establish beyond a reasonable doubt is that interstate wires (for example, phone calls, email communications, text messages, and bank wires) were used in furtherance of the scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer or telephone signals between New York and another state, such as Florida, or a territory, such as the U.S. Virgin Islands, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud. Let me also add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

The government is not required to prove that defendant ANDREW FRANZONE actually used a wire communication in interstate commerce or that defendant ANDREW FRANZONE even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the *scheme to defraud and to obtain money and property by means of false or fraudulent pretenses, representations, or promises*.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove either that ANDREW FRANZONE used wire, radio, or television communication in interstate commerce, or that the defendant knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events,

or that defendant ANDREW FRANZONE should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

> Adapted from Third Circuit Model Crim. Jury Instructions, 6.18.1343-1 Wire Fraud - "Transmits by means of wire, radio, or television communication in interstate commerce"- Defined; Sand, et al., *Modern Federal Jury Instructions*, Instr. 44-7, and the charge given by the Honorable J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (March 8, 2019); the Honorable Ronnie Abrams in *United States v. Tagliaferri*, 13 Cr. 115 (June 26, 2014); the Honorable Michael B. Mukasey in *United States v. Uccio*, 88 Cr. 906, *aff'd*, 917 F.2d 80 (2d Cir. 1990); and the Honorable Charles S. Haight in *United States v. Rogers*, 90 Cr. 377.

REQUEST NO. 13:  Venue

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, Westchester, and other counties. This requirement is called "venue." Venue refers to the fact that the Government must prove that a charge was properly brought in this court as opposed to a different federal court. You'll determine the satisfaction of the venue requirement separately for each count.

There is no requirement that *all aspects of the offenses charged* take place here in the Southern District of New York.  But for you to return a guilty verdict, the government must convince you that any act in furtherance of the crime charged occurred in this District. The act itself need not be a criminal act. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

As to the venue requirement alone, the Government's burden is to show that venue is proper by a preponderance of the evidence. That is, the Government must show simply that it is more likely than not that venue is proper here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

> Adapted from Third Cir. Model Crim. Jury Instructions 3.09;
> the charge of the Honorable Paul A. Engelmayer in *United States v. Jonathan Moynahan Larmore*, No. 24 Cr. 140 (Oct. 22, 2024); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022). *See also United States v. Lange*, 834 F.3d 58, 72 (2d Cir. 2016) (venue proper where fraudulent communications were received).

REQUEST NO. 14:  Other Acts (If Applicable)

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment. Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant under consideration acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake. It may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.

5-25, 5-26.

You have heard testimony that the defendant allegedly committed fraud approximately one year after the crimes charged in the Indictment. This evidence of other act*(s)* was admitted only for limited purpose*(s)*. You may only consider this evidence for the purpose of deciding whether

38

the defendant had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; *or* had a motive or the opportunity to commit the acts charged in the indictment; *or* was preparing or planning to commit the acts charged in the indictment; *or* did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime*(s)* charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act, he must also have committed the act*s* charged in the indictment.

Remember that the defendant is not on trial for these other acts. Do not return a guilty verdict unless the government proves the crime*s* charged in the indictment beyond a reasonable doubt.

Adapted from Third Cir. Model Crim. Jury Instructions 2.23.

REQUEST NO. 15:  Credibility of Witnesses

[Under Request No. 1: General Requests, the Government requests that the Court provide its usual instruction on witness credibility].

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may

have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important

than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Third Cir. Model Crim. Jury Instructions 3.04.

REQUEST NO. 16:  False in One, False in All

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

Third Circuit Model Crim. Jury Instructions, Instr. 4.26

REQUEST NO. 17:  Preparation of Witnesses (If Applicable)

You have heard evidence during the trial that some witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court. Although you may consider that fact when you evaluate a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.

Such consultation helps conserve your time and the Court's time.

In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Lewis A. Kaplan in
*United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

**REQUEST NO. 18:** Impeachment of Defendant – Other Bad Acts - FRE 608(b) (If Applicable)

You have heard evidence that the defendant ANDREW FRANZONE allegedly committed fraud after the crimes charged. You may consider that evidence only to help you decide whether to believe ANDREW FRANZONE's testimony and how much weight to give it. That evidence does not mean that ANDREW FRANZONE committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.

Adapted from Third Cir. Model Crim. Jury Instruction 2.24.

REQUEST NO. 19:  Law Enforcement Witnesses (If Applicable)

You have heard the testimony of law enforcement witnesses and other Government employees.  The fact that a witness may be employed by the federal Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

> Adapted from the charge of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022), and from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (Sept. 24, 2018).

**REQUEST NO. 20:**  Credibility of Witnesses - Testimony of Addict or Substance Abuser (If Applicable)

Evidence was introduced during the trial that *(name of witness) [(was (using drugs)(addicted to drugs)(abusing alcohol) when the events took place) (was abusing (drugs)(alcohol) at the time of trial)]*. There is nothing improper about calling such a witness to testify about events within *(his)(her)* personal knowledge.

On the other hand, *(his)(her)* testimony must be considered with care and caution. The testimony of a witness who *(describe circumstances)* may be less believable because of the effect the *(drugs)(alcohol)* may have on *(his)(her)* ability to perceive, remember, or relate the events in question.

After considering *(his)(her)* testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

Third Cir. Model Crim. Jury Instructions, Instr. 4.21
(citing Sand et al., Instruction 7-9.1).

**REQUEST NO. 21:** Uncalled Witnesses – Equally Available to Both Sides / Missing Witness (If Applicable)

There are people whose names you have heard during the course of trial, but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You have heard evidence about *(name of missing witness),* who has not been called to testify. The defense has argued that *(name of missing witness)*'s testimony could have been important to this case and that *(name of missing witness)* was available as a witness only to the government and not to the defense.

If you find that the government could have called *(name of missing witness)* as a witness and that *(name of missing witness)* would have given important new testimony, and you also find that *(name of missing witness)* was available as a witness only to the government and not to the defense and that the government failed to call *(name of missing witness)*, you are permitted, but you are not required, to infer that *(name of missing witness)*'s testimony would have been unfavorable to the government.

You must decide whether you believe that *(name of missing witness)* would have testified unfavorably to the government. You should not draw such a conclusion if the witness was equally available to both parties or if the witness's testimony would have merely repeated the testimony of other witnesses or evidence already presented in the case.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof remains at all times with the Government.

Adapted from Third Circuit Model Crim. Jury Instructions Instr. 4.16 (derived from Sand et al., 6-5); the charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 22:  Other Individuals Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

REQUEST NO. 23:  Defendant's Testimony (If Applicable)

As you saw, the defendant took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> *See United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses."); *but see United States v. Solano*, 966 F.3d 184, 197 (2d Cir. 2020) (holding that it was error for the district court to instruct that "any" witness with an interest in the outcome of the case, which included the defendant, necessarily has a "motive to testify falsely").

REQUEST NO. 24:  Defendant's Right Not to Testify (If Applicable)

The defendant did not testify [if applicable: did not present evidence].  Under our Constitution, a defendant never is required to testify or to present any evidence because it is always the Government's burden to prove a defendant guilty beyond a reason doubt. A defendant never is required to prove that he is innocent. You may not attach any significance to the fact that the defendant did not testify. You may not draw any adverse inference against the defendant because the defendant did not take the witness stand.

Do not consider, for any reason at all, the fact that ANDREW FRANZONE did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Adapted from Third Cir. Model Crim. Jury Instruction 4.27;
the charge of the Honorable Lewis A. Kaplan in *United States v. Gatto*,
17 Cr. 686 (Oct. 1, 2018).

**REQUEST NO. 25:** Use of Evidence Obtained Pursuant to Searches (If Applicable) / Evidence

You have heard testimony about evidence seized, pursuant to search warrants signed by a judge. Evidence obtained from these searches was properly admitted in this case and may properly be considered by you. Indeed, searches of online accounts and electronic devices are entirely appropriate law enforcement actions. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Lewis A. Kaplan in
> *United States v. Gatto*, 17 Cr. 686 (Oct. 1, 2018).

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a

lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

From Third Cir. Model Crim. Jury Instruction 3.02.

REQUEST NO. 26:  Use of Charts and Summaries

There is evidence before you in the form of charts and summaries.  Those exhibits

purport to summarize the underlying evidence that was used to prepare them. I admitted these

charts and summaries into evidence in place of or in addition to the underlying documents that

they represent in order to save time and avoid unnecessary inconvenience.  They are no better

than the documents upon which they are based.  Therefore, you are to give no greater

consideration to these charts or summaries than you would give to the evidence upon which they

are based.  It is for you to decide whether they correctly present the information contained in the

testimony and in the exhibits on which they were based.

Adapted from the charge of the Honorable Lewis A. Kaplan in
*United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018), and the
Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr.
374 (Feb. 1, 2022).

REQUEST NO. 27:  Stipulations / Stipulated Testimony and Stipulations of Fact

You have heard some stipulations in this case. Generically speaking, there are two kinds.

A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true, but it is still for you to determine the weight to be given to that evidence, to that fact.

The Government and the defendant*(s)* have agreed that *(set forth stipulated fact(s)) (is)(are)* true. You should therefore treat *(this fact)(these facts)* as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

Third Cir. Model Crim. Jury Instruction 4.02.

A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the weight to be given to that testimony.

Adopted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, 17 Cr. 337 (Dec. 6, 2017).

The parties have agreed what (*name of witness*)'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

Third Cir. Model Crim. Jury Instruction 4.01.

REQUEST NO. 28:  Audio/Video Recordings – Transcripts (If applicable)

[Under Request No. 1: General Requests, the Government requests that the Court provide its usual instruction on stipulations].

You have heard *(audio)(video)* recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

*[The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.]*

Third Circuit Model Crim. Jury Instructions, Instr. 4.06.

REQUEST NO. 29:  Opinion Evidence (Expert Witnesses) (If Applicable)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

Adapted from 1 *Modern Federal Jury Instructions-Criminal*,
Instr. 7-21.

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from *(state the name of the person(s) who offered an opinion)*.

Because of *(his)(her)(their)* knowledge, skill, experience, training, or education in the field of

*(state the witness(es)'s field)*, *(Mr.)(Ms.)(Dr.) (name) (was)(were)* permitted to offer a*(n)* opinion*(s)* in that field and the reasons for *(that)(those)* opinion*(s)*.

The opinion*(s) (this)(these)* witness*(es)* state*(s)* should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion*(s)* entirely if you decide that *(Mr.)(Ms.)(Dr.) (name)*'s opinion*(s) (is)(are)* not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion*(s)* if you conclude that the reasons given in support of the opinion*(s)* are not sound, or if you conclude that the opinion*(s) (is)(are)* not supported by the facts shown by the evidence, or if you think that the opinion*(s) (is)(are)* outweighed by other evidence.

Third Cir. Model Crim. Jury Instructions, Instr. 4.08.

REQUEST NO. 30:  Opinion Evidence (Lay Witnesses) (F.R.E. 701) (If Applicable)

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue.

In this case, I permitted *(name)* to offer *(his)(her)* opinion based on *(his)(her)* perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

Third Cir. Model Crim. Jury Instructions, Instr. 4.09.

REQUEST NO. 31: Concluding Remarks

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.

Dated: New York, New York
      April 1, 2025

                                              Respectfully submitted,

                                              MATTHEW PODOSLKY
                                              Acting United States Attorney
                                              Southern District of New York

By:         /s/
                                                Marguerite B. Colson
                                              Maggie Lynaugh
                                              Sarah Mortazavi
                                            Assistant United States Attorneys
                                            Southern District of New York

                                            Joseph R. Corozzo, Esq.
                                            Angela D. Lipsman, Esq.
                                          Rubinstein & Corozzo LLP