UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
                                                :
              -against-                          :              21-CR-446 (VSB)
                                                :
ANDREW FRANZONE,                                :              **<u>OPINION & ORDER</u>**
                                                :
                        Defendant.              :
                                                :
------------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

Before me are the parties' motions in limine.  For the reasons that follow:

1.  Franzone's motion seeking to preclude evidence of loss to investors who abandoned their interests in FF Fund is DENIED as moot.

2.  Franzone's motion seeking to preclude the Government and its witnesses from referring to investors as "victims" is DENIED.

3.  The Government's motion seeking to preclude evidence or argument that investors would ultimately profit from FF Fund's investments is GRANTED.

4.  The Government's motion seeking to preclude argument that investors were made whole through bankruptcy is GRANTED.

5.  The Government's motion seeking to preclude argument and evidence that Defendant did not defraud certain investors is DENIED.

6.  The Government's motion to preclude Defendant from blaming victims is GRANTED.

7.  The Government's motion to preclude evidence of FF Fund's Private Placement Memorandum is DENIED.

8.  The Government's motion to admit evidence of Defendant's compensation and personal expenses is GRANTED.

9. The Government's motion to preclude evidence of Gregory Hersch's SEC enforcement action and various civil lawsuits is GRANTED in part and DENIED in part.

10. The Government's motion to preclude evidence of witness's recreational drug use is GRANTED.

11. The Government's motion to preclude evidence of Defendant's personal circumstances and potential punishment is GRANTED.

12. The Government's supplemental motion to permit evidence that in 2020 Defendant solicited $200,000 through misrepresentations is GRANTED.

13. The Government's motion for certification of business records through written declaration instead of live testimony is GRANTED.

## I.    <u>Procedural History</u>[1]

On March 10, 2025, Defendant filed a motion in limine.  (Doc. 158 ("Def. Mem.").) That same day, the Government filed a motion in limine.  (Doc. 161 ("Gov. Mem.").)  On March 14, 2025, the Government filed a supplemental motion in limine.  (Doc. 162 ("Gov. Supp. Mem.").)

On March 17, 2025, the Government filed its opposition to Defendant's motion in limine. (Doc. 164 ("Gov. Opp'n").)  That same day, Defendant filed his opposition to the Government's first motion in limine and motion to strike the Government's supplemental motion as untimely. (Doc. 163 ("Def. Opp'n").)  In the alternative, Defendant sought additional time to address the merits of the Government's supplemental motion and the opportunity to file his own supplemental motion.  (*Id.*)  On April 6, 2025, the Government moved to authenticate certain

---

[1] For the purposes of this Opinion & Order, I incorporate by reference the background of this case described in my Opinion & Order denying Defendant's motions to suppress.  (*See* Doc. 171.)  Accordingly, I only include the information relevant to resolve the pending motions.

business records using written declarations rather than live testimony.  (Doc. 173.)

On April 7, 2025, I held the final pretrial conference with the parties.  During the conference, I denied Defendant's motion to strike the Government's supplemental motion in limine as untimely and granted Defendant's request for additional time to address the merits of the motion.  Defense counsel represented that they no longer planned to file their own supplemental motion in limine, and submitted their opposition to the Government's supplemental motion that same day.  (Doc. 174.)  Trial in this case is scheduled to begin on April 14, 2025.

## II.    <u>Applicable Law</u>

### A.  *Motion in Limine*

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Doe v. Lima*, No. 14-CV-2953, 2020 WL 4731418, at *3 (S.D.N.Y. Aug. 14, 2020) (internal quotation marks omitted).  "Where a movant fails to set forth, with sufficient particularity, the forecasted evidence for which preclusion is sought, a court has discretion to deny the motion or reserve judgment."  *Walia v. Napolitano*, No. 11-CV-2512, 2017 WL 10378189, at *2 (E.D.N.Y. Dec. 4, 2017) (citations omitted).  "[E]videntiary rulings made in advance of trial are subject to change based on whether an appropriate foundation can in fact be laid for certain evidence, and the many variables that occur during the course of a trial that may impact a court's ruling at the time evidence is offered."  *United States v. Mostafa*, 16 F. Supp. 3d 236, 248 n.1 (S.D.N.Y. 2014); *see also Luce v. United States*, 469 U.S. 38, 41 (1984) ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer.").

### B.  *Federal Rules of Evidence*

Pursuant to Federal Rule of Evidence 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action."  Fed. R. Evid. 401.  If evidence is not relevant, it is not admissible.  Fed. R. Evid. 402.  Rule 403 authorizes a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Federal Rule of Evidence 404(b) prevents the introduction of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, the same evidence may be introduced for other purposes, including to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Evidence of prior bad acts is admissible where "the prior acts evidence [i]s offered for a proper purpose" under Rule 404(b), the evidence [i]s "relevant to a disputed issue," the probative value of the prior acts evidence is not substantially outweighed by the danger of unfair prejudice, and "the court administered an appropriate limiting instruction."  *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (internal quotation marks omitted); *see also United States v. Scott*, 677 F.3d 72, 83 (2d Cir. 2012) ("[E]vidence admitted under Rule 404(b) must not have its probative value substantially outweighed by its prejudicial effect.").

### III.  <u>Discussion</u>

### A.  *Defendant's Motions in Limine*

#### 1.  **Loss to Investors Who Abandoned Their Interests in FF Fund**

Franzone seeks to preclude the Government from introducing evidence of loss to former

investors who abandoned their interests in the FF Fund, including the Linden West Trust and HKW Trust.  (Def. Mem. at 10–12.)  The Government represents that it does not intend to introduce at trial evidence or argument regarding pecuniary losses to any FF Fund investors.  (Gov. Opp'n at 1.)  Therefore, Franzone's first motion in limine is DENIED as moot.

### 2.  Referring to Investors as "Victims"

Franzone moves to preclude the Government and its witnesses from referring to FF Fund investors as "victims," arguing that the term is unduly prejudicial because there are no victims in this case and Franzone believes that no crime occurred.  (Def. Mem. at 12–14.)  The Government argues that the use of the term "victims" to refer to FF Fund investors is appropriate because there are victims in this fraud scheme, regardless of pecuniary loss or lack thereof, and Franzone does not offer a viable defense to the charged crime.  (Gov. Opp'n at 1–2.)

The propriety of the term "victim" is a fact-specific inquiry.  *United States v. Clanton*, No. 23-CR-328, 2024 WL 1072050, at *17 (E.D.N.Y. Mar. 12, 2024).  There is no rule "that the use of the word 'victim' is *per se* prejudicial."  *Id.*  Courts have precluded the Government from referring to witnesses as "victims" in cases where there is no identifiable victim or crime against a person, such as felon-in-possession cases, *see United States v. Wagner*, No. 20-CR-410, 2022 WL 19179, at *6 (S.D.N.Y. Jan. 3, 2022), or in cases "where the defense is that no crime occurred," *United States v. Ray*, No. 20-CR-110, 2022 WL 558146, at *25 (S.D.N.Y. Feb. 24, 2022) (citing, *inter alia*, *Jackson v. State*, 600 A.2d 21, 25 (Del. 1991) (precluding the term "victim" "where consent was the sole defense, and the principal issue one of credibility," because "if the defense of consent were accepted by the jury, no crime would have been proven and the complaining witness would not be deemed a victim")).

Neither rationale for the preclusion of the term "victim" applies here.  First, this is not a victimless crime.  Franzone relies on case law stating that "[t]o qualify as a 'victim,' . . . a party

must have endured a financial loss that was directly and proximately caused by a defendant's fraud." *United States v. Calderon*, 944 F.3d 72, 95 (2d Cir. 2019) (internal quotation marks omitted). *Calderon* is inapposite because it concerned the definition of victim in connection with the Mandatory Victims Restitution Act, a law that is relevant at the sentencing stage of a case, not trial, and as such specifically limits the definition of "victim" to issues of restitution at sentencing. *See* 18 U.S.C. § 3663A(a)(2) ("For the purposes of this section, the term 'victim' means a person directly and proximately harmed.").

"The elements of wire fraud are: (1) a scheme or artifice to defraud or to obtain or retain money or property by materially false and fraudulent pretenses, representations, or promises; (2) that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and (3) that in execution of that scheme, the defendant used or caused the use of interstate wires." *United States v. Darden*, No. 23-CR-134, 2025 WL 901831, at *3 (S.D.N.Y. Mar. 25, 2025) (internal quotation marks omitted); *see also United States v. Ferguson*, 478 F. Supp. 2d 220, 233 (D. Conn. 2007) (listing the elements of securities fraud). The crimes of wire and securities fraud do not require a showing of loss, nor do they require that the victims were successfully defrauded. *See United States v. Litvak*, 889 F.3d 56, 65 (2d Cir. 2018) ("Unlike common law fraud or a civil action for damages where an investor seeks compensatory damages, proof of harm is not necessary in a criminal prosecution under Section 10(b), so long as materiality, intent to defraud, and a connection to a securities transaction are shown."); *United States v. Jabar*, 19 F.4th 66, 77 (2d Cir. 2021) ("Proof of actual injury to the victim is not required because the [wire fraud] scheme need not have been successful or completed."). The victims of the alleged crimes at issue are the individuals to whom misrepresentations were made with the intent to defraud.

Second, Franzone's defense that no crime occurred appears to be based on a "different view of the evidence" than the Government, in which "he argues that the allegations against him do not show that he violated the relevant statutes," as opposed to a fundamental disagreement over whether the conduct at issue ever occurred. *United States v. Gasperini*, No. 16-CR-441, 2017 WL 3140366, at *7 (E.D.N.Y. July 21, 2017) (denying defendant's motion to preclude terms "victim" and "victimized" in reference to alleged computer intrusion, wire fraud, and money laundering scheme), *aff'd*, 729 F. App'x 112 (2d Cir. 2018). The Government is entitled to use the term "victim" during argument when describing their interpretation of the events at issue. I therefore find that the use of the term "victim" in this case will not be unduly prejudicial. Franzone's second motion in limine is DENIED.

## B. *The Government's Motions in Limine*

### 1. Defendant's Belief that Investors Would Ultimately Profit from FF Fund's Investments or Recoup Their Losses

The Government seeks to preclude Franzone from offering evidence or argument that he lacked intent to defraud because he intended to return, repay, or otherwise recoup investors' funds, or because he believed that FF Fund would prove profitable in the long run. (Gov. Mem. at 4–8.) Franzone argues that evidence that he never intended to harm investors is admissible as a direct defense to the intent-to-defraud element of wire and securities fraud. (Def. Opp'n at 6–8.)

The parties' positions are not in conflict. The Government is correct that it is no defense to wire or securities fraud to allege that a defendant contemplated harm to the victim in the short term, but intended to make them whole in the long term. Defendant states that his anticipated argument is not that he planned to make investors whole in the long term, but that he never intended to cause harm to investors at all, which is a direct defense to an element of the charged

crimes. The Government's motion in limine is GRANTED insofar as it seeks to prevent Defendant from introducing evidence or argument that he intended harm to investors in the short term, but intended to make investors whole in the long term, as any probative value is substantially outweighed by the risk of misleading the jury under Rule 403. Defendant will be allowed to present evidence and argument that he never intended to harm investors at all, which is a direct defense to the crimes charged. To the extent the parties dispute whether specific evidence or argument falls within the scope of the Government's motion in limine, I will address that on a case-by-case basis.

### 2. Argument That Victims Were or Will be Made Whole Through Bankruptcy

Next, the Government asserts that Franzone should be precluded from arguing that investors were made whole through FF Fund's bankruptcy proceedings or the subsequent appreciation of certain of FF Fund's investments. (Gov. Mem. at 8–9.) Franzone argues that evidence that investors profited from investments he made on their behalf is relevant to his alleged intent to defraud, and therefore admissible. (Def. Opp'n at 9–11.)

Similar to the Government's first motion in limine, Franzone cannot argue that investors who he defrauded in the short term were made whole by the bankruptcy process in the long term. The Government does not need to show that the fraud scheme was successful or that the victim suffered pecuniary loss, *see Litvak*, 889 F.3d at 65; *Jabar*, 19 F.4th at 77, nor is the outcome of the bankruptcy probative of Franzone's intent at the time he made the representations at issue, *see United States v. Bankman-Fried*, No. 22-CR-0673, 2023 WL 6283509, at *5 (S.D.N.Y. Sept. 26, 2023) (precluding defendant from offering evidence about the amount of assets that had been recovered through bankruptcy for purposes of suggesting to the jury that victims will be made whole). Thus, any evidence introduced to demonstrate that investors were made whole by the

bankruptcy would be irrelevant and risks misleading the jury. I therefore GRANT the Government's motion to preclude argumentation that defrauded investors were paid back eventually through the bankruptcy and the appreciation of certain FF Fund investments.

### 3. Defendant Did Not Defraud Certain Investors

The Government next seeks to preclude argument that Franzone did not defraud certain investors or evidence of the same, such as truthful communications with certain investors. (Gov. Mem. at 9–11.) Franzone asserts that he should be able to introduce evidence of truthful communications with investors to rebut the Government's argument that he defrauded all of FF Fund's investors. (Def. Opp'n at 11–13.)

Evidence of a defendant's prior good acts or evidence of the absence of criminal activity committed by a defendant on specific occasions is generally considered irrelevant under Rule 401 and impermissible as propensity evidence under Rule 404(b). *See United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990); *see also United States v. Rivera*, No. 13-CR-149, 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015). Evidence of past good acts can be admissible, however, if "a defendant is alleged to have always or continuously committed bad acts, or where the evidence of good acts would undermine the underlying theory of a criminal prosecution," such as when the Government alleges that "all of the defendant['s] customers were defrauded, or that the defendant['s] business was permeated with fraud." *United States v. Damti*, 109 F. App'x 454, 455–56 (2d Cir. 2004) (internal quotation marks omitted).

Franzone attaches to his opposition brief an email from the Government, in response to defense counsel's request for a list of alleged victims, representing that "[t]he victims are any investors in FF Fund or their representatives." (Def. Opp'n, Ex. A.) If indeed the Government plans to assert that all investors in FF Fund were victims of Franzone's fraud, Franzone is permitted to argue that he did not defraud certain FF Fund investors, and introduce evidence in

9

support of that contention, as a direct defense to the Government's theory of the case. *Cf. Damti*, 109 F. App'x at 456 (stating that evidence of past good acts can be admissible when the Government's theory is that defendant "'always' or 'continuously' committed 'bad acts'"). The Government's third motion in limine is therefore DENIED to the extent the Government intends to argue that all of the investors in the FF Fund were victims.

### 4. Blaming Victims

The Government seeks to preclude the Defendant from blaming investors for their failure to discover or recognize the fraud because they were negligent, gullible, or insufficiently vigilant. (Gov. Mem. at 11–12.) The law is clear that victim-blaming is no defense to fraud charges because "[t]he pertinent inquiry here is the Defendants' intent, not the state of mind of those who were allegedly defrauded." *United States v. Adelekan*, 567 F. Supp. 3d 459, 470 (S.D.N.Y. 2021); *see also United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) ("[T]he victim's gullibility is not relevant to the inquiry as to whether the defendants were properly convicted" (alteration adopted) (quoting *United States v. Thomas*, 377 F.3d 232, 242–43 (2d Cir. 2004))); *United States v. Weaver*, 860 F.3d 90, 96 (2d Cir. 2017) ("Fraudsters may not escape criminal liability for lies told to induce gullible victims to make worthless investments"). Any argument that FF Fund's investors were negligent, gullible, or insufficiently vigilant is irrelevant under Rule 401 and unduly prejudicial under Rule 403. *See Adelekan*, 567 F. Supp. 3d at 470. The Government's fourth motion in limine is therefore GRANTED.

### 5. FF Fund's Private Placement Memorandum

The Government seeks to preclude Franzone from making arguments or cross-examining witnesses about contractual disclaimers and other provisions in the FF Fund's private placement memorandum ("PPM") provided to investors, asserting that the PPM's disclaimers do not bear on the materiality of Franzone's misrepresentations. (Gov. Mem. at 12–14.) Franzone argues

that the PPM, and the disclaimers contained therein, are relevant to intent and materiality.  (Def. Opp'n at 13–14.)

To prove that Franzone committed wire fraud and securities fraud, the Government must show that Franzone's misrepresentations to investors were material, meaning the misrepresentations had "a natural tendency to influence, or [were] capable of influencing, the decision of the decisionmaking body to which [they were] addressed."  *Neder v. United States*, 527 U.S. 1, 16 (1999) (internal quotation marks omitted); *see also Weaver*, 860 F.3d at 96.  The Government is correct that reliance is not an element of fraud and that written representations do not render oral misrepresentations immaterial as a matter of law.  However, "[t]o determine whether a misrepresentation is material, the jury must decide if there is a 'substantial likelihood' that the alleged misrepresentation 'would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.'"  *United States v. Guo*, No. 23-CR-118, 2024 WL 1939221, at *8 (S.D.N.Y. May 2, 2024) (quoting *United States v. Landesman*, 17 F.4th 298, 341 (2d Cir. 2021)).  "The transactional disclaimers are part of the total mix of information for the jury to consider."  *Id.* (internal quotation marks omitted).  *See also Weaver*, 860 F.3d at 97 ("[A]lthough the contractual disclaimers were relevant to the jury's determination of [defendant's] guilt, they did not render extra-contract misrepresentations immaterial as a matter of law."); *United States v. Salzano*, No. 22-CR-690, 2024 WL 866885, at *16 (D.N.J. Feb. 26, 2024) (denying Government's motion in limine to exclude evidence of disclaimers in PPMs and other documents provided to victims).  Therefore, the Government's fifth motion in limine is DENIED.  However, I will consider the Government's objections to Defendant's questioning of witnesses or arguments regarding the PPM, particularly if there is any suggestion that the PPM renders oral misrepresentations immaterial as a matter of law.  To facilitate my

ability to make rulings related to the PPM, Franzone should provide me with notice of his intent to use the PPM prior to making inquiry during cross-examination.

### 6. Defendant's Compensation and Personal Expenses

The Government seeks to admit evidence of Defendant's compensation and Defendant's substantial personal spending, at least some of which was paid for using misappropriated investor funds. (Gov. Mem. at 14–16.) Franzone argues that evidence of his personal spending is not probative and is unduly prejudicial. (Def. Opp'n at 14–16.)

Beginning with Defendant's compensation, the Government states that the value of the assets under management in FF Fund determined the amount of Franzone's management fees. (Gov. Mem. at 15.) Put another way, the higher the valuation of the assets under management, the higher the fees Franzone was entitled to get paid. Defendant does not dispute that this is how Franzone's management fees were calculated. Evidence of Franzone's compensation in the form of management fees that were tied to the value of FF Fund's assets is clearly probative of Franzone's motive to overrepresent the value of FF Fund's assets, and the probative value of such evidence substantially outweighs any unfair prejudice. *See United States v. Ferguson*, No. 3:06-CR-137, 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) (admitting evidence of defendant's deferred compensation plan because defendant's company's performance affected defendant's plan benefits and was therefore probative of motive to commit fraud, while excluding evidence of static compensation such as salary). I therefore GRANT the Government's motion to admit evidence of Franzone's compensation in the form of FF Fund management fees.

With regard to Defendant's personal spending, evidence that Defendant utilized investor money for personal spending is direct evidence of misappropriation, and thus is admissible. The Government also seeks to introduce evidence of "spending that was not paid directly out of

investors' funds, but was made possible through the defendant's operation of the scheme."
(Gov. Mem. at 14–15.) At the pretrial conference on April 7, 2025, the Government argued that
evidence of spending that was not directly misappropriated from investors is relevant because
Franzone's spending habits and lifestyle provide a motive for him to commit the fraud.
Defendant argues that evidence of his lifestyle and spending will unfairly prejudice the jury
against him. I find that evidence of Franzone's spending, even if not directly misappropriated
from investor funds, is probative of his motive to commit the fraud, and any potential prejudice
can be overcome by a limiting instruction to the jury. *See United States v. Adelglass*, No. 23-
6248, 2024 WL 5087519, at *2 (2d Cir. Dec. 12, 2024) (summary order) ("[E]vidence of
[defendant's] lavish spending was probative of his motive."). I therefore GRANT the
Government's motion to admit evidence of Defendant's personal expenditures.

### 7. Greg Hersch's SEC Enforcement Action and Civil Litigation

The Government anticipates calling Gregory Hersch at trial, a former friend of Franzone
and an investment advisor who ran a firm called Florence Capital Advisors LLC ("FCA"). (Gov.
Mem. at 17.) FCA served as an investment advisor to FF Fund while simultaneously advising its
other clients to invest in FF Fund, an undisclosed conflict of interest that led to an SEC
investigation and multiple lawsuits. (*Id.*) The Government seeks to preclude Defendant from
cross-examining Hersch about the existence and resolution of the SEC investigation and the
litigation, arguing that the SEC investigation and civil litigation are not probative of Hersch's
truthfulness and that it would only serve to harass the witness and prejudice the jury against him.
(*Id.* at 17–21.)

Beginning with the SEC investigation, the Government acknowledges that the defense
can cross-examine Hersch on the facts underlying the investigation. (*Id.* at 19.) At issue is
whether the existence of the investigation can be raised, and whether the SEC Order making

findings of fact and memorializing settlement of the action can be admitted. The SEC Order

records findings of fact regarding the conduct of FCA and Hersch, concludes that "FCA and

Hersch willfully violated Section 206(2) of the Advisors Act," and accepts Hersch and FCA's

settlement offer. (Def. Opp'n, Ex. B ("SEC Order").) As an initial matter, Defendant is correct

that the SEC's findings of fact are admissible under Rule 803(8)(A)(iii) as "factual findings from

a legally authorized investigation." *See Cortes v. MTA New York City Transit*, 802 F.3d 226,

232 (2d Cir. 2015) ("The unreviewed findings of an agency are . . . admissible as evidence under

Fed. R. Evid. 803(8)(A)(iii) as 'factual findings from a legally authorized investigation' by a

public office."). *Cf. United States v. Steele*, 216 F. Supp. 3d 317, 326 (S.D.N.Y. 2016)

(permitting cross-examination of a police officer with two Civilian Complaint Review Board

complaints). The Government nonetheless argues that the SEC Order is irrelevant and unduly

prejudicial. I find that the SEC Order is relevant, as it outlines Hersch's failure to disclose a

conflict of interest with regard to FF Fund, which bears on his truthfulness as well as his

relationship with Franzone. I further find that the probative value of the findings of fact in the

SEC Order is not substantially outweighed by the danger of unfair prejudice. I do not reach the

same conclusion with regard to the other portions of the SEC Order, such as the sections

outlining Hersch's violations or the settlement terms, which are not presumptively admissible

under Rule 803(8)(A)(iii) and are far more prejudicial in nature. The Government's motion

seeking to preclude cross-examination of Hersch regarding the existence and resolution of the

SEC investigation, as well as the admission of the SEC Order, is hereby DENIED as to the

existence of the investigation and the factual findings in the SEC Order, but GRANTED as to the

remainder of the SEC Order.

With regard to the civil litigation, there appears to be little disagreement between the

parties. Defendant states that he should "be permitted to cross-examine Gregory Hersch regarding the underlying facts, without going into the civil action itself or the arbitration." (Def. Opp'n at 20.) The one sticking point is whether Franzone can cross-examine Hersch about his acquisition of investor Blake Mallen's interest in FF Fund, which was acquired as part of the settlement of an arbitration. Even here, however, Franzone states that he seeks to question Hersch on the underlying issue "without getting into the existence of the settlement agreement or the other terms of the settlement agreement." (Def. Opp'n at 19.) The Government's motion to preclude cross-examination on the existence of civil litigation and the status of any lawsuit is GRANTED. Franzone is permitted to cross-examine Hersch about the events underlying these lawsuits, subject to the Government's objections.

### 8. Witnesses' Recreational Drug Use

The Government moves to preclude cross-examination of witnesses concerning their use of drugs, arguing that it is not probative of truthfulness and will serve only to prejudice the jury against the witness. (Gov. Mem. at 21.) Franzone argues that it is permissible to question a witness about whether their capacity to observe and remember is impaired by drug use. (Def. Opp'n at 21.)

Under Rule 608(b), a court may allow, on cross-examination, inquiries into "specific instances of a witness's conduct . . . if they are probative of the [witness's] character for truthfulness or untruthfulness." "[A] witness's use of drugs or alcohol, in and of itself, is not probative of their character for truthfulness." *United States v. Wagner*, No. 20-CR-410, 2022 WL 19179, at *5 (S.D.N.Y. Jan. 3, 2022) (internal quotation marks omitted). To the extent that there is a "good-faith basis" to believe that drug use impaired a witness's testimonial capacity, "[i]t is within the scope of proper cross-examination to inquire as to whether a witness's capacity to observe and remember is impaired by drug use." *Dobson v. Walker*, 150 F. App'x 49, 52 (2d

Cir. 2005) (summary order) (citing *United States v. DiPaolo*, 804 F.2d 225, 229–30 (2d Cir. 1986)).  At this stage, I find that Defendant has not established a good-faith basis to believe that drug use inhibited the observational capacity and memory of any Government witnesses.  The Government's motion to preclude cross-examination of witnesses on their use of drugs is therefore GRANTED.

### 9.  Defendant's Personal Circumstances and Potential Punishment

The Government argues that Franzone should be precluded from offering evidence or argument concerning his family background, health, age, or similar factors, or making references to punishment or consequences.  (Gov. Mem. at 22.)  Franzone argues that evidence of his personal circumstances must be evaluated on a case-by-case basis under Rule 403, and that the Government's attempt to preclude any and all references to his personal circumstances sweeps too broadly.  (Def. Opp'n at 21–22.)  Franzone also asserts that a defendant is allowed to make a "sympathy pitch" that he deserves mercy.  (*Id.* at 22.)

"District courts generally have 'wide discretion concerning the admissibility of background evidence,' including evidence of a defendant's personal characteristics." *United States v. Konstantinovskiy*, No. 19-CR-408, 2024 WL 3360379, at *11 (E.D.N.Y. July 10, 2024) (quoting *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988)).  Although "[b]asic background information, such as education and employment, are routinely admitted, a defendant's personal characteristics and circumstances are . . . usually irrelevant to the issue of guilt or innocence under FRE 401, or any relevance of such evidence is outweighed by the risk of prejudice under FRE 403, and such evidence is therefore generally excluded." *Id.* (citations omitted).  I find that the factors enumerated by the Government—family background, health, and age—are not relevant to Franzone's guilt or innocence, although I find that evidence of Franzone's "personal circumstances" is too vague and sweeping a category to hold inadmissible

at this stage. I therefore GRANT the Government's fifth motion in limine insofar as it seeks to preclude the introduction of evidence regarding Franzone's family background, health, or age, without prejudice to Defendant seeking reconsideration of this ruling if he identifies a permissible purpose for which to introduce evidence of those characteristics.

As to whether defense counsel can reference the consequences of the trial, it is well-established that a defendant cannot make argument or offer evidence concerning the consequences he would face if convicted. *See United States v. Ilori*, No. 21-CR-00746, 2022 WL 2452258, at *8 (S.D.N.Y. July 5, 2022); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion."). Furthermore, it is the duty of trial courts to "'forestall or prevent' jury nullification," which occurs when the jury renders a verdict not in accordance with the law. *In re United States*, 945 F.3d 616, 620, 626 (2d Cir. 2019) (quoting *United States v. Thomas*, 116 F.3d 606, 616 (2d Cir. 1997)). Permitting a "sympathy pitch" regarding the consequences of conviction contravenes that duty by "creat[ing] a substantial danger that the jury will consciously or subconsciously allow knowledge of such punishment to impact on their deliberations on the question of the defendant's guilt or innocence," *United States v. Graziano*, 558 F. Supp. 2d 304, 327 (E.D.N.Y. 2008), and thus reach a verdict contrary to the law. I therefore GRANT the Government's motion to preclude evidence or argument regarding the consequences or punishment that Defendant could face if convicted.

### 10. Supplemental Motion in Limine

The Government's supplemental motion in limine seeks to admit evidence that in October 2020, approximately one year after FF Fund filed for bankruptcy, Franzone solicited and received $200,000 from an investor based on Franzone's representation that the money would be

invested in FF Fund, which Franzone said was "still making money" and generating returns. (Gov. Supp. Mem. at 1.)  In reality, Franzone directed the money towards a different entity, Andrew T. Franzone LLC, from which he spent at least $50,000 on luxury cars and sent $15,000 to a romantic partner.  (*Id.* at 1–2.)  The Government seeks to admit this evidence either as direct evidence of the charged offenses or alternatively, as evidence of motive, opportunity, intent, knowledge, and lack of mistake pursuant to Rule 404(b).  (*Id.* at 4–5.)  Defendant argues that this evidence is not admissible either as direct evidence or pursuant to Rule 404(b), and that it is unfairly prejudicial.  (Doc. 174.)

The Government argues that evidence of the 2020 investment is admissible because it arose out of the same series of transactions as the charged offenses and is inextricably linked to those crimes.  (Gov. Supp. Mem. at 4.)  Evidence of uncharged criminal activity can be admissible as direct evidence "if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial."  *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997) (internal quotation marks omitted and alterations adopted).  "In deciding whether uncharged conduct is 'inextricably intertwined' with charged conduct, courts have considered whether the details of the uncharged transaction are necessary to understand the charged transaction."  *United States v. Johnson*, 469 F. Supp. 3d 193, 204 (S.D.N.Y. 2019) (internal quotation marks omitted); *see also United States v. Kaiser*, 609 F.3d 556, 571 (2d Cir. 2010) (permitting evidence of conduct before the time period of charged conduct).  Evidence that merely provides relevant context or helpful background information is insufficient under *Gonzalez*.  *See Johnson*, 469 F. Supp. 3d at 204 (citation omitted).  Courts must "employ a narrow construction in determining whether uncharged crimes are direct

evidence of charged offenses," *id.*, and "where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b),'" *United States v. Kassir*, No. 04-CR-356, 2009 WL 976821, at *2 (S.D.N.Y. Apr. 9, 2009) (quoting *United States v. Nektalov*, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004)).

I find that evidence of the 2020 investment does not meet the high bar to be admissible as direct evidence under *Gonzalez*. The 2020 investment, while helpful and relevant context for the charged crimes, is not necessary to understand the charged crimes, and thus is not inextricably intertwined. *See Johnson*, 469 F. Supp. 3d at 204; *Kaiser*, 609 F.3d at 571. With regard to whether the 2020 investment arose out of the same series of transactions as the charged offenses, the 2020 investment occurred over a year after the FF Fund declared bankruptcy and it involved an individual who was not a prior investor in FF Fund. The Government does not cite any case law addressing conduct occurring over a year after the end of the charged conduct and concluding that it arose out of the same series of transactions. Instead, the Government cites case law addressing uncharged conduct that occurred before or during, as opposed to after, the charged crimes. *E.g.*, *Kaiser*, 609 F.3d at 570–71 (finding that evidence of acts occurring prior to the charged period of the conspiracy was admissible as direct evidence because "[i]t would have been impossible to intelligibly present a case . . . without starting at the beginning"); *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) (finding no abuse of discretion in admission of "acts were either repeated during the period of the charged conspiracy or [had an effect] into the period of the conspiracy"). The one case addressing subsequent conduct identified by the Government, *United States v. Goffer*, 721 F.3d 113 (2d Cir. 2013), cites to only Rule 404(b) case law. I have not found a case admitting evidence of uncharged criminal conduct as direct evidence under similar circumstances—where the uncharged conduct occurred over a year after

the end of the charged scheme and involved a different victim. In light of these facts, I find that it is not "manifestly clear" that the 2020 investment evidence arose out of the same series of transactions as the charged offense. *See Kassir*, 2009 WL 976821, at *2.

In any event, the 2020 investment evidence is admissible under Rule 404(b), which states that evidence of "any other crime, wrong, or act . . . may be admissible [to] prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." When evaluating whether evidence should be admitted pursuant to Rule 404(b), I must consider whether: (1) the prior crimes evidence is offered for a proper purpose; (2) the evidence is relevant to a disputed issue; and (3) the probative value of the evidence is substantially outweighed by its potential for unfair prejudice pursuant to Rule 403. *United States v. Curley*, 639 F.3d 50, 56–57 (2d Cir. 2011) (citation omitted). The Government argues that the 2020 investment evidence is highly probative of Franzone's intent, knowledge, opportunity, and absence of mistake or lack of accident. I agree. Franzone's opposition to the Government's motion in limine indicates that he intends to argue that he lacked the requisite intent to defraud investors. Franzone's use of similar tactics and misrepresentations in 2020, after FF Fund was already in bankruptcy proceedings and could not generate monthly returns, is compelling evidence of Franzone's motive, intent, absence of mistake, or lack of accident. In addition, Franzone met the investor who eventually sent him $200,000 through the NASCAR community, which is where he met and formed connections with many previous FF Fund investors. Therefore, the 2020 investment is probative of Franzone's opportunity to seek investors through the NASCAR community. I find that the evidence related to the 2020 investment is not being offered as evidence of Franzone's propensity for criminal conduct, but is instead evidence of Franzone's motive, intent, opportunity, absence of mistake, or lack of accident, and is not

substantially outweighed by its potential for unfair prejudice.  Having found that each threshold

requirement for the admission of this evidence pursuant to Rule 404(b) has been met, I will also

administer a limiting instruction to the jury regarding the appropriate use of this evidence.  *See*

*Curley*, 639 F.3d at 57; *United States v. Walker*, 24 F. App'x 57, 61 (2d Cir. 2001) ("As a final

protection against unfair prejudice, the court must instruct the jury that it may use the 404(b)

evidence only for the purposes for which it was offered and not as an indication of criminal

propensity.").  I therefore GRANT the Government's supplemental motion in limine, and direct

the parties to meet and confer concerning the language for an appropriate limiting instruction.

### 11. Motion for Certification of Business Records

On April 6, 2025, the Government filed a motion seeking to admit into evidence certain

business records from (1) American Express for accounts held in the name of Franzone's ex-

girlfriend, Kloe Korby; and (2) Citibank for accounts held in the name of Korby, on the basis of

written certification in lieu of live testimony, pursuant to Federal Rules of Evidence 803(6) and

902(11).  (Doc. 173.)  The Government's motion attaches declarations from appropriate

custodians at American Express and Citibank attesting to the authenticity of the documents and

to their nature as business records.  (Doc. 173-1.)  The Government indicates that Franzone has

no Sixth Amendment objection to the admission of these records by declaration, which I

confirmed with defense counsel at the final pretrial conference held on April 7, 2025.  I hereby

GRANT the Government's motion to authenticate the aforementioned business records on the

basis of declarations by custodians of records for each producing institution pursuant to Rule

902(11).

**IV.** <u>**Conclusion**</u>

For the foregoing reasons, it is hereby:

ORDERED that Defendant's first motion in limine is DENIED as MOOT, and Defendant's second motion in limine is DENIED.

IT IS FURTHER ORDERED that the Government's first, second, fourth, sixth, eighth, ninth, and supplemental motions in limine are GRANTED; the Government's third and fifth motions in limine are DENIED; and the Government's seventh motion in limine is GRANTED in part and DENIED in part.

The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 158, 161, 162, 163, and 173.

SO ORDERED.

Dated: April 10, 2025
  New York, New York

        _____
        Vernon S. Broderick
        United States District Judge