

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Jacob K. Javitz Federal Building
26 Federal Plaza, 38th Floor
New York, New York 10278*

January 20, 2026

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:** ***United States v. Andrew Franzone*, 21 Cr. 446 (VSB)**

Dear Judge Broderick:

      The Government writes in response to the letter filed by the Defendant on January 19, 2026 requesting an extension of time to file a reply to the Government's January 15, 2026 submission and opposing adjournment of the hearing presently scheduled for February 6, 2026.

      The Government has no objection to the Defendant's request for an extension of time to file a reply brief. The Government does, however, object to maintaining the February 6, 2026 hearing date for three reasons. *First*, as set forth in the Government's January 15, 2026 submission, there is no need for *Fatico* or forfeiture hearing in this case. (*See* Dkt. 197). All of the issues material to sentencing and determination of the forfeiture amount can be decided as a matter of law or on the documentary evidence before the Court. That the parties are far apart in their calculation of the applicable sentencing Guidelines is of no consequence. The primary driver of that divergence is loss amount, an issue that should be resolved with a straightforward application of the law. (*See* Dkt. at 11-12); *see also United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK) (Mar. 28, 2024) (Tr. at 4-5) ("a thief who takes his loot to Las Vegas and successfully bets the stolen money is not entitled to a discount on the sentence by using his Las Vegas winnings to pay back all or part of what he stole if and when he gets caught")).

      *Second*, in response to the Probation Office's draft Pre-Sentence Report the Defendant provided Probation with a 22-page, single-spaced letter objecting to (or commenting on) nearly every paragraph of the PSR and almost every offense-level enhancement that Probation found applicable. The Defendant's September 22, 2025 sentencing submission reiterated many of those objections. In the Government's January 15, 2026 filing, the Government endeavored to significantly narrow the disputed issues before the Court. The Government is hopeful that the reply brief filed by the Defendant will further clarify which issues are truly in dispute. If there is to be a hearing—and, again, there is no need for one—the Government should not be forced to prepare witnesses for that hearing without the benefit of reviewing the Defendant's reply submission so that the Government can ascertain what issues are actually in dispute and present appropriate evidence in response. The schedule the Defendant proposes, with his reply brief due February 2, 2026 and the hearing a mere four days later on February 6, 2026, does not allow for that.

*Third*, any hearing will likely involve a significant time investment by any witnesses who will be called to testify. Those witnesses will need to prepare for their testimony and many of them will need to travel to New York, some from as far as California or foreign countries. Many of the witnesses called to testify will be witnesses who prepared to testify at the defendant's trial, before he entered guilty plea. Those witnesses have already been inconvenienced once by this matter, it is not necessary to inconvenience them a second time unless the Court believes a hearing on certain issues is actually necessary.

Accordingly, the Government respectfully requests that the Court adjourn the February 6, 2026 hearing until such time as the Court is able to determine whether such a hearing is necessary.

                Respectfully submitted,

                JAY CLAYTON
                United States Attorney

By: /s/
                Marguerite B. Colson
                Maggie Lynaugh
                Sarah Mortazavi
                Assistant United States Attorneys
                Tel.: (212) 637-2587/2448/2520

Cc:   Joseph Corozzo, Esq. (by ECF)
       Angela Lipsman, Esq. (by ECF)